Judge Mills
delivered !he opinion.
The defendants in error filed their bill in the court below, alleging that the plaintiff in error had a tract of land patented in bis own name in Greenup county, and that he had appointed a certain Thomas Fletcher his agent, with full power and authority to sell and convey a!!, or most of bis lauds, and particularly that tract; and that is< ¡r an-©snor had purchased of said agent two hundred and fifty *444 acres thereof, at One dollar per acre; and to prove the sale, *^ey exhibít a letter from the agent, to the following effect:
“Dear Sir: Captain Johusnn is now with me, and states, that you wish the tico hundred and fifty acres laid off io two surveys, so as to include Barnes’s improvement and avoid some bad ground. I have no objection to your doing so, as a matter of accommodation, provided Robert Henderson and yourself can agree on the mode of laying off the land You will please to call on Mr Young, whom you can request to lay off the land to suit your wishes. I must regret that it will not be in my power to have the pleasure of your company, the ensuing summer; but hope to have the pleasure of vour company on Tygart’s creek next fall. Should 1 never return, captain Fowler tvill convey you the land at any time I would have sent you a deed by capt. Johnson; but not having the field notes, am precluded from doing so.”
Tins letter was signed by the name of the agent, and directed to the ancestor of the defendants in error. They allege that Robert Henderson and their ancestor did agree on the mode of laying off the land, and that Young did survey it in two tracts so as to include Barnes’s improvement, and made out the plats, which they exhibit.
That their ancestor was, by the contract, to pay at the rate of one dollar per acre, and that the agent drew au order for two hundred and fifty dollars upon their ancestor, iu favor of George Johnson, who presented it, and that it was accepted and twenty-three dollars thereof were paid, and that by the acceptance their ancestor became bound for the whole, and the agent was paid. But they offer, if the Court should not think this a sufficient payment, to bring thé money into court for the acceptance of the plaintiff in error. 1'hey pray for a conveyance of the land, and general relief.
The bill was taken as confessed, and proof was adduced conducing to shew, that the order in favor of Johnson was discharged, but the order itself is not exhibited. The court below decreed a conveyance; to reverse which decree this Writ of error is prosecuted.
It is nuw contended that the contract shewn is not such an one as a court of chancery will specifically enforce, and that'by the shewing of the defendants in error, the agreement is embraced by the act of assembly to prevent frauete and perjuries.
independent “j. ut®> coiuract’to* be decreed ' f Com-píete in all ,⅛ P?rts> and ’l0!*11"® iritl)e kit to me discretion of ch“, ceV
the stat.of fr-uís ibe wtlols, tü tlle sale of lands mU8t be in 'he'p?riyand claiming the hen-fit there, anTthiíf* b/pafot. ^
⅜ ^ low failing t® pk ad the stat ⅜ not I118' ' admits the or low m -kes out. a caie Slilcb Wllj justify a ®e-cree-
Independent of any statute, an agreemeilt, which can fee the subject of specific execution, must be fa ft, fui! and complete in all its parts; and if any part of it was left undefined and incomplete by ttie parlies in their,,negociations, equity would not supply it, by amending lúe agreement and adding what the chancellor’ might deem reasonable and proper. For such supplement would then be tile work of the court, and not the act of the parties; — it would be ma king instead of simply enforcing what was made. I b‘s rule was equally applicable to the contract, whether it was written or verbal. Since the adoption of the statute, the contract must be in writing, and that writing must be com píete m itself, it is not competent tor ihe party, ci.inii*g the benefit of such contract, to shew that part only was reduced to writing, and then to supply the residue by parol evidence. The evidence to establish one part of the contract must be of the same grade with that which proves the residue, and that, according to the statute, must be ⅛ writing, at least so tar as it imposes any obligation on the party to be charged therewith. No person can read the letter relied on, in this instance, and not conceive ihat it refers to some other agreement or understanding which had previously taken place, ar.d then existed .between them, The land is referred io as perfectly understood. The ancestor of the defendants was to have it, or was expected to have it, on some terms before made the subject of treaty, What that treaty was, we cannot ascertain, without resorting to parol testimony, for no other writing is referred to as containing it. Whether it was a sale or a present, must be proved by the swearing of witnesses. Can such allegation and proof be admitted without violating the statute? We conceive it cannot, and that (he complainants below, fey their own shewing, have not shewn such writing as will authorise a decree in their favor.
The circumstance of thqdefendant below having failed to plead and rely on the statute in that court, cannot alter the case. The pleading of matter in avoidance, may be dispensed with, when the opposite side has exhibited nough to shew that he cannot recover. Suffice it to that the plaintiff in error did not waive bis right to insist Upon the statute hy admitting the agreement and its terms, And the defendanlsin error have presented a case >n which ttie statute has an operation.
• i . . bcsiües, one ether circumstance is apparent, which is ea- *446 titled to weight. The Int« r proposed ao arrangement with ^°hf rI Hp' derson, and then ihc rii msicaiion ot bound »ry by Young This arrangement, 'be ancestor of the deten» dants in error, was at liberty to accept or rejict. No evj(¡ei,ce js afforded of either its acceptance or rejection, Hnlil about fift.-eo months,afterwards, and after the death ®f their ancestor 'he defends ts in error caused the sur-reyor tó demark u.« land. This delay is not accounted fi>r- ' And it isas probable as any other conjecture, that the proposed arraegement was not, at first, so acceptable ; bat that subsequent events, which ought be of importance to t|le plaintiff in error, and aught lusiify him in refusing lo , * r . i ry i i • V he hound by it, bad instigated the defendants in error. .Ter so much delay, to lay hold of that arrangement for the firsUime
when the ^talidey ot an «Upewison a c,,nting ocy to be 'p rfbr ⅛.<30 by„,¿e ¡⅛to set up a com rac, theve is an Unreasonable delay, unaccounted for, ⅜ chancellor •wit not ai
Where a contract can-cot be de ficadv the remedy is in damages. Av per seatatives of the party he-ceded must e parties.
Bibb, for appellant.
^s the defendants in error are cot entitled to a decree f°r <he land, the question presents itself, can they have compensation in lieuot it, or anv other relief? As we con-ceivetbat the contract is embraced by the act to^pnvent frauds and perjuries, in its origin, it cannot belong to that description which descends to the heir. Covmants, real, generally run with the lai d and go to the heii and not the personal representa'ivt But this is not a contract cl that description In its first creation it gave to the ancestor ot the defendants no right to the land, but only a right to recover back the money paid. The personal representative ⅛ therefore entitled to thr demand, and as no such representative is a party to this sub, no recovery can be had.
The decree must therefore be reversed with casis, and directions to the court below to dismiss the bill with costs.