Judge Mills,
delivered the Opinion of the Court.
Georue I. Brown recovered a judgment in ejectment for two fractions of lots in the town of Nicholasville, being part of No. 72 and 73, in the plan of the town, against Robert East, who, to be relieved against the judgment, filed his bill in equity, alleging that a great many years since, he purchased, one of said fractions, part of No. 72. That a certain Joseph Carson lidd previously purchased it of a certain Daniel Bourne, who held the legal estate, and East purchased it from Carson, and Bourne gave his bond to convey the title, which he exhibits as part of his bill. That shortly afterwards he purchased of said Bourne the other portion adjoining, being part of No. 73, in company with a certain John L. Martin. That Martin wanting another *406 part of said lot, and not willing to buy the whole, bought -the residue for him, East, it being understood that each was to pay for the part he got. That the payment was made, and he, East, took possession of his part, being adjoining to that bought from Carson, and held it in possession for a great number of years, during which time both Bourne and Brown lived in the town. That Bourne never set up any claim thereto afterwards. That' he, Bourne, failed and was cast into prison, and took the oath of an insolvent debtor, and in his schedule did not include any part of either purchase, knowing that he had no right to either. But that lately, he had combined with George I. Brown, and had conveyed him the title of said lots, and Brown had brought his ejectment and recovered his judgment, well knowing of his, East’s, claim, before he purchased, and that he was living in the open undisturbed possession thereof for many years previously. He prays for a conveyance or payment for his im-provements. 1
Brown’s answer.
Bourn’s answer.
Decree of the circuit court.
Brown answered the bill, not denying his knowledge of East’s claim and occupancy, but denying that East bad ever paid any thing for either lot, or that Carson had paid any thing for his purchase, to Bourne, and denying any contract through Martin, or purchase of the other part, and alleging that he had purchased the lots for a valuable consideration.
Bourne answers, and admits his sale to Carson,, and his bond to the complainant; but denies that either Carson or the complainant paid any thing for that part. He denies the contract made by Martin,, or when Martin purchased, or any payment, and pleads as an apology for his omission to place any part of the lots in his schedule, when he took the insolvent debtor’s oath, that he forgot that he held this estate at the time, and that it escaped his recoR lection.
The court below refused to decree a conveyance to East for either purchase; but decreed that East, was entitled to payment for his improvements, and rendered a decree against Brown for a balance found *407 against him, on an assessment of improvements and rents.
; £f®“f£J£ents
Where this court reverses for the appellant on any error, the whole case is then revised from the first error, and thus a decree may bs dia°r3lantthan that reversed.
veyancebond docs not shew the considney^remains unpaid, and the covenant is for a con" conditionally,if the oblistdl due°be mustproveit.
From which decree both Brown and Bourne have appealed, and assigned for error, that the court below erred in fixing the criterion by which the rents and improvements were assessed.
We conceive that the court below, did not adopt the proper criterion in assessing rents, and that for this cause the decree must be reversed. How far, or in what respect, that court erred in fixing a proper criterion, by which to make these assessments, will hereafter be noticed.
But so soon as the decree is reversed, it behoves the court to look into the whole record, and according to the established practice, to go back to the first error in whoseever favor it is committed, and if in rectifying previous errors, the decree we may render shall bear hard upon the appellant, or plaintiff in error, and give him less than what he had before, he must bear the consequences.
On looking into this record, we find much in it, that ought not to have been there, and much calculated to render it obscure. The bill is not drawn with skill, and some doubts have been entertained, whether its allegations are so framed as to admit the proof adduced. But after due consideration thereof, in its present state of injudicious preparation, we conceive the court below, ought not to have refused a conveyance of that part sold by Bourne to Carson, and by Carson to the complainant, for which the complainant holds the bond of Bourne. Against a conveyance of this part, the only defence is, that Bourne has not received the consideration, and still he shows no evidence of debt. The bond itself expresses on its face, that it is the estate “sold by said Bourne, to Joseph Carson, and by him to said East. The deed to be made whenever called on.” This shows that Bourne was so far satisfied as to look to Carson for the price, and that be had no demands against Carson, or right to retain the title.
An arbitration of a dispute as to the obligee’s right to demand a conveyance relied on and held effectual.
Denial of an alleged contract by parol, for land, has the same effect as the plea of the statute of frauds and perjurios.
Parol contracts for land may constitute a defence to a suit, and a purchaser in possession may have a lion on tho land for tho consideration money advanced.
It is also proved, that many years since, Bourne set tip this same claim, that he had not been paid the price by Carson, and therefore would not convey. This controversy was then referred to arbitrators, by a submission in writing, and they awarded that Bourne should convey the estate, whatever his claims against Carson might be, because be had encouraged East to pay Carson the price. This submission and award are both lost; but their contents are proved with as much accuracy, as could be expected. It is therefore dear, that the complainant is entitled to a decree, for all within the bond of Bourne.
As to the remaining contract, alleged to be made by Martin, there is more dimculty and obscurity. But notwithstanding the denial of the defendants, it dees clearly appear in proof, that Bourne sold this ground also, and received the payment. Martin wished to buy an adjoinining piece of ground, but not the whole, which Bourne wished to sell, adjoining the lot purchased by East of Carson. Bourne was not willing to sell part, without the whole, and as East wished the part adjoining his former purchase, and Martin the residue, it was agreed that Martin should contract for the whole, and each pay for the part which he wanted, which veas accordingly done. Against this purchase, the defendants have not pleaded the statutes of frauds and perjuries, but they have denied the contract, and lids amounts to the same thing as a plea of tho statute. For the complainant cannot by parol, prove a contract, that will entitle him to a specific performance.
But although a parol contract, when denied, and proved, will not be specifically enforced, against the statute, in favor of a complainant, yet it has oiteu been held good as a defence, and also to give a purchaser a lien for his purchase money on the land, and of course, the complainant in this case, if he cannot have the land thus purchased, lie will be entitled to a restoration of his purchase money with interest, and to a lien on the land for it, as well as for whatever improvements he may haAre made thereon,
Directions to the chancel-g®^®1®™^ measurement and diagram t0 ascertain a. ™0Vuncer-C tain in the record.
Order that the o°mfowbe're-6" quired to m;.lke a cerdefendanTon condition a certain fact eaqa™d’tan exist, as upprehended.
Mandate, for to order a commissioner to ascerti"n the ney and ™ " make an account,
Rents and p.¡noipieand rules for assessing them,
There is, however, some uncertainty in the present state of preparation, whether the land itself can or cannot be obtained. There is a bond filed from Bourne to Martin, for part of the same lot, but whether that bond includes only the part which Martin purchased for himself, or that, with the part he purchased for East also, cannot he ascertained without directing a diagram or admeasurement to be made, which the court below is directed to haye done. In doing this, the boundary of that part purchased of Carson, as well as that purchased by Martin, and whether the part of the complainant is in Martin’s bond or not, can be ascertained. If it is in Martin’s bond, then the court ought to di rect Martin to he made a party, and if no objection is shown on his part, to decree to East a conveyanee of this part also, with general warranty on the part of Bourne, and special warranty on the part of Brown. On the contrary, if the part purchased by Martin for the complainant, is not included in Martin’s bond, then the court is to direct an assessment of the improvements on this part, according to their value when the ejectment of Brown was served, and also fix a reasonable rent on the estate so improved, commencing at the same period. Also to ascertain by a commissioner, the price given by East for this part of the lot, and to calculate the legal interest thereon, from the time that rents are directed to commence, and if the balance be in favor of the complainant, after the deduction of rents, then he is to have a decree for the amount thereof, with a lien upon the estate, and if the money be not paid, after a reasonable time, then to direct a sale of the estate to discharge it. At all events, a decree is to be rendered in favor of the complainant, for the conveyance of the part purchased from Carson with costs.
We would barely remark, that the criterion by which we have directed the rents and improvements tobe assessed, corresponds with the case of Ewing’s heirs &c. vs. Handley’s ex’ors, 4 Litt. 346, to which this case is similar, and in fixing the assessment at first made, the court below deviated from that rule, and *410 for this cause, the decree on the appeal of the defendant below cannot be permitted to stand.
Haggin and Loughborough, for appellant; Barry, for appelleee.
The decree is reversed with costs, and the cause is remanded to the court below, that such decree may be entered, and proceedings had, as may not be inconsistent with this opinion.