## Smith *vs.* Fah.

ORD. PET.

### APPEAL FROM JEFFERSON CIRCUIT.

Case 46.

1. Under the Revised Statutes an undertaking by parol to be responsible for the faithful performance of another of his promises, is not binding unless it be in writing. (*Revised Statutes, chap.* 22, *sec.* 1, *page* 192.)

2. If the plaintiff's petition does not show a promise *in writing* made by one , for the undertaking of another, no judgment can be rendered for failing to perform such promise, (3 *Marshall*, 448; 8 *B. Monroe*, 422,) though the defendant fail to plead and rely upon the statute. (*Code of Practice, sec.* 123.)

The facts of the case are clearly stated in the opinion of the court.

*Rousseau & Rousseau,* for appellant—

The promise alleged in the petition to have been made by the appellant is clearly within the statute of Frauds, and, to be binding, should have been in writing. By the law of England, it was necessary that such a promise should be in writing; it could not be declared upon, but it was necessary to adduce it as evidence of the promise, to show it to be binding. Our statute raised all writings to the dignity of sealed instruments, and gave to them the like force and effect. It follows that if there was any binding promise in the case, it was in writing, and should have been declared on. If there was no written promise, there can be no recovery, because of the statutory inhibition. (*Bull vs. McRea,* 8 *B. Mon.* 422.)

The defendant did not appear in the court below, but the plaintiff shows enough to satisfy this court that he has no right to recover.

*Spear and Armstrong*, for appellee—

This was a judgment by default. Neither of the defendants appeared to the action, nor did they ask a new trial; but after the adjournment of the court, Smith has appealed.

It is thought that his appeal cannot avail.

The consideration set out in the petition is not a vicious consideration which would render the promise void. It is good in morals. And if it be said that the promise is not enforceable, because within the statute of Frauds and Perjuries, it is clear, that in order to make that defense available, the party must present it before the court below, and not rely on it for the first time in the Appellate Court.

The question here to be decided, is, did the Circuit Court err in its judgment? We say not. If one be sued on a note or account, and lapse of time or limitation would bar, if relied upon as defense, it is for the defendant alone to decide whether he will make that defense. The Circuit Court will not and ought not to interpose any objection to a recovery, which the defendant does not choose to rely upon, especially where a moral duty is enforced by withholding the plea, and suffering the judgment to pass. So with a plea of infancy, and others of a like nature. The defendant in this case did not choose to plead the statute of Frauds, and the court did not err in rendering judgment against him. The defendant should have moved a new trial. (See *Pottinger vs. Merrifield*, decided at the last term.) We ask an affirmance.

January 10.

Judge STITES delivered the opinion of the court—

Fah brought a petition against Smith and Shockley, in which he alleged, in substance, that he held a note on one Dash, for about $125, due in November, 1853; that, at the instance and request of Smith, he placed said note in the hands of Shockley for collection, upon the assurance of Smith, made at the time, that he, (Smith) would be responsible; that

*Shockley* should collect the note, and, when collected, pay over the amount to him, Fah; that Shockley had collected the amount of the note and refused to pay it over, and that the note was given to Shockley only upon the assurance of Smith. Upon these allegations, and without referring to, exhibiting, or relying upon any writing, he prayed for judgment against Smith and Shockley for the amount of the note collected by the latter.

Process having been served upon both defendants, and no defense being made, a joint judgment was rendered by default, to revesre which, as to Smith, he has appealed to this court.

Two questions are presented for consideration: 1. Is it apparent from the petition, that the undertaking of Smith to answer for the collection and payment of the money, by Shockley, is within the statute of frauds? 2. If it is, can Smith now avail himself of that defense, having failed, in any way, to rely upon it in the court below?

The Revised Statutes (*chap. 22, sec. 1, page* 192,) declares that "no action shall be brought to charge any person, 1. For a representation or assurance concerning the character, conduct, credit, ability, trade, or dealings of another, made with intent that such other may obtain, thereby, credit, money, or goods; unless the promise, contract, agreement, representation, assurance, or ratification, or some memorandum or note thereof, be in writing, and signed, at the close thereof, by the party to be charged therewith, or by his authorized agent."

1. Under the Revised Statutes an undertaking by parol to be responsible for the faithful performance of another of his promises, is not binding unless it be in writing. (*Revised Statutes, chap.* 22, *sec.* 1, *page* 192.)

It seems to us, that no rational construction can relieve the promise of Smith from the operation of the statute. No writing is exhibited or relied on. The assurance is, that Smith will be responsible for the conduct of Shockley in collecting and paying over the amount of the note, and manifestly made with the design and intent to give credit to Shockley. Besides, Shockley is held bound by the plaintiff, and as settled by this court in several cases, wherever

SMITH
vs.
FAH.

he for whose benefit the contract is made remains bound, the statute applies. (*Armstrong vs. Flora*, 3 *Mon.* 44; *Waggener vs. Bells*, 4 *Mon.* 9.)

As to the necessity of setting up the statute in defense by plea or answer, there seems to be some conflict in the decisions, but a critical comparison of the cases will, in our opinion, show the rule to be, that the statute of Frauds need only be set up in defense by plea or answer, when it is not otherwise apparent that the alleged demand comes within its inhibitions.

In *Talbot vs. Bowen*, 1 *Mar.* 325, one of the earliest cases involving the question, it did not appear from the bill nor answer, that the statute applied, and hence the observation of the court, as to the necessity of a reliance by plea or otherwise upon its provisions.

2. If the plaintiff's petition does not show a promise *in writing* made by one, for the undertaking of another, no judgment can be rendered for failing to perform such promise, (3 *Marshall*, 448; 8 *B. Monroe*, 422,) though the defendant fail to plead and rely upon the statute. (*Code of Practice, sec.* 123.)

In *Fowler vs. Lewis*, 3 *Mar.* 445, where the complainant's bill showed the case to be within the statute, and where, as in this case, a decree was rendered for want of an answer, the point being directly raised in this court, it was said, in answer to the failure to rely upon the statute in the court below: "The circumstance of the defendant below having failed to plead and rely on the statute, cannot alter the case. The pleading of a matter in avoidance may be dispensed with, when the opposite side has exhibited enough to show that he cannot recover."

And in the more recent case of *Bull vs. McRea*, 8 *B. Mon.* 423, before the adoption of the Code, the same doctrine is clearly intimated.

The promise of Smith being then, in our opinion, within the statute, and this appearing from the petition, it follows, that no sufficient cause of action was shown against him, and as an objection of this character is not waived by failure to answer or demur in the court below, (*Code of Practice, sec.* 123,) it must prove fatal here to the judgment as against Smith.

Wherefore, the judgment against the appellant, Smith, is reversed and cause remanded, with direc-

tions to the court below, to set it aside, and unless the plaintiff shall so amend as to present a right to recover, to dismiss the action as to him with costs. The judgment as to Shockley is not disturbed.