WM. ALBRO ET AL. *v.* JOS. T. SATCHWELL, GUARD., ET AL.

**Landlord and Tenant—Lien—Distress Warrant.**

Section 14, art. 2, ch. 56 R. S., restricting the lien acquired by a landlord under a distress warrant, does not apply to § 5, relating to attachment for rent due.

**Frauds, Statute of—Defense—Pleading.**

If defendant relies on the statute of frauds, such statute must be pleaded in order to constitute a defense.

**Set-Off and Counterclaim—Alleging Blank Amount Due.**

A counterclaim for improvements alleging a —— amount due is insufficient, although reference to an account filed is made, since an averment as to the amount is necessary.

APPEAL FROM GALLATIN CIRCUIT COURT.

December 10, 1873.

OPINION BY JUDGE PETERS:

This is a controversy between landlord and tenants. In the affidavit upon which the attachment issued, it is stated that William Albro, James Albro and John T. Satchwell are indebted to the plaintiff, as guardians of Martha A. Satchwell, in the sum of $155.54 for the rent of the undivided interest of said ward, of the land now occupied by them for the years 1871 and 1872; that said defendants are about to remove their property from the leased premises; and that he believes that unless an attachment be issued he will lose his rent. The affidavit was sworn to, and an attachment issued on the 17th of December, 1872.

Sec. 4, Art. 2, Chap. 56, Rev. Stat., provides that a landlord shall not issue his own distress warrant; but when the rent is reserved in money, may, before a justice of the peace or a judge of a county court, or a police judge of a town, in the county where the land lies, by himself or agent, make oath to the amount of rent due him, and in arrear; and therefore such officer may issue a distress warrant, directed to the sheriff or a constable of the county, authorizing such officer to distrain the personal estate of the tenant for the amount due, with interest and costs; the personal estate of a sub-tenant found on the premises

shall also be liable to the distress. But if the tenant has removed his property to another county, the distress may be directed to such county. It is to be observed that if the rent is due and unpaid, and reserved in money, the remedy is by distress as provided in this section.

But section 5, of the same article and chapter, provides for a different state of facts, as follows: When any person, who shall be liable to pay rent (whether the same be due, or not, and whether the same be payable in money or other thing, if the rent be due in one year thereafter), intends to remove, or is removing, or has within 15 days removed his property from the leased premises, the person to whom the rent is owing, may, before a justice of the peace, or a judge of the county court of the county in which the tenement lies, state on oath the facts aforesaid, and that he believes, unless an attachment be issued, he will lose his rent. Thereupon such officer shall issue an attachment for the same to any county the person suing out the same may desire. But no such attachment shall issue until the plaintiff has given bond, etc. The facts stated in the affidavit authorized the attachment under the last named section; nor is that remedy affected, by section 14 of said article and chapter. That section restricts the lien thereon secured to the landlord under his warrant of distress, to rent for one year only, whether due, or to become due; and, if said one year's rent shall have been due for more than four months, he shall lose his lien on the property, which would be otherwise subject thereto. But as must be obvious, this last named section does not apply to the remedy provided for in section 5, nor the amendment thereto. That section was enacted to prevent the removal of the tenant's property on which there may be no lien, and subject it to the payment of the rent.

It does not appear in the affidavit or the answer of defendants that the lease was in parol; and if appellants intended to rely on the statute against frauds, even if it applied, but appellants executed the contract by retaining possession, he should have pleaded it, which he had failed to do.

One joint owner or tenant in common may contract to pay another's rent; and no sufficient reason is suggested by counsel, and none is perceived, why such landlord is not entitled to all

the remedies that the law affords to those who do not stand in that relation.

By agreement of the parties the issues of fact raised by the pleadings were submitted to a jury, and we do not perceive that the instructions given for plaintiffs are erroneous or prejudicial to appellants; nor should those asked by them have been given for the reasons herein stated.

Wherefore the judgment is affirmed.

### RESPONSE.

This was not a proceeding to enforce a contract for a renting of land for a term for more than one year by parol, but for the collection of rent for land which had been actually occupied and enjoyed by appellants. The counterclaim for improvements was wholly insufficient; the amount claimed was in blank, so that there was no averment of anything due; if it had been taken for confessed no judgment could have been rendered. The mere reference to an account and filing it, did not dispense with the necessity of an averment.     -

*J. J. Landrum, for appellants.*

*J. Critt, for appellees.*