CASE 27—PETITION ORDINARY—FEBRUARY 15.

# Bullock v. Falmouth and Chipman Hall Turnpike Road Company.

APPEAL FROM PENDLETON CIRCUIT COURT.

1. SUBSCRIPTION TO TURNPIKE COMPANY.—Appellant agreed *verbally* to subscribe to the capital stock of a turnpike road company, the money to be paid when the company was organized, and the work begun, and to be used in the construction of the road. Upon the faith of his agreement the company has been organized, others have subscribed, and the construction of the road has been begun. Each subscriber, when he paid, was to have a property right in the road to the extent of his subscription, and was to receive his proportion of profits aris-

Bullock v. Falmouth and Chipman Hall Turnpike Road Company.

ing from the earnings of the road. *Held*—That it is now too late for appellee to withdraw from the enterprise, as to do so would be a fraud upon the rights of his associates. And the subscription not being a mere voluntary donation, it was not necessary that the agreement should be in writing to be binding.

2. SAME.—Where a company is authorized to issue its capital stock and put it upon the market for sale, and a person agrees with the company to purchase so much of the stock at an agreed price, merely as an investment, the company cannot recover the agreed price without having delivered or tendered the stock to the purchaser. In such a case the company's remedy is confined to an action for the recovery of such damages as it may have sustained. That rule, however, does not apply to a case like this. The case of Mt. Sterling Railroad Co. v. Little, 14 Bush, 431, is, therefore, overruled, in so far as such a rule is applied to the facts of that case.

3. STATUTE OF FRAUDS.—A contract which may be performed within a year from the making of it is not within the statute of frauds.

C. H. LEE FOR APPELLANT.

1. The appellant is not liable, as it is neither alleged nor proved that he *subscribed* the amount sued for. Nothing more is shown than a mere *verbal promise to subscribe* upon certain conditions which have never been complied with, and that promise made at a time when there was no corporation or association in existence that could contract with appellant. Such a promise is not binding, and none of the cases hold that it is. (Twin Creek and Colemansville Turnpike Road Co. v. Renaker, 3 Ky. Law Rep., 368, and authorities cited; Thompson v. page, 1 Met. (Mass.), 570; Goff and others v. Winchester College, 6 Bush, 443; Lackey v. Richmond & Lancaster T. P. R. Co., 17 B. M., 48; Mt. Sterling Coal Road Co. v. Little, 14 Bush, 429; 25 Ill., 393; Winchester & Mt. Sterling T. P. R. Co. v. Clark County Court, 3 Met., 140; 11 B. M., 143.)

2. The court erred in rejecting the amended answer alleging that there was no subscription in writing, and that the agreement charged was not to be performed within a year, and was therefore within the statute of frauds.

J. T. SIMON AND GEO. R. McKEE ON SAME SIDE.

1. There can be no such thing as a verbal subscription. A contract of subscription must be in writing. (Pittsburgh & Steubenville R. R. Co. v. Garram, 32, Pa. St., 349; Pittsburgh & Steubenville R. R. Co. v. Clarke, &c., 29 Pa. St., 152; Thomas Tunnel v. Sheldon, 6 B. & Cres., 341.)

2. At the time of the alleged contract there was no corporation in existence with which appellant could contract, and therefore he is not bound. (21 Pa. St., 222.)

Bullock v. Falmouth and Chipman Hall Turnpike Road Company.

Such contracts entered into before the act of incorporation are up-held only where there is a provision for the transfer of the promise to the corporation when created. (Anderson v. Richmond & New Castle Railway Co., 12 Ind., 376; Heaton v. Cincinnati & Ft. Wayne R. R. Co., 16 Ind.; Buffalo & N. Y. City R. R. Co. v. Dudley, 14 N. Y., 354; Eastern Plank Road Co. v. Vaughan, 14 N. Y., 547; Twin Creek, &c., Turnpike Co. v. Renaker, 3 Ky. Law Rep., 370.)

3. There was no consideration for the contract, as there was no *mutual* agreement to uphold it. (Twin Creek, &c., Turnpike Co. v. Ren-aker, 3 Ky. Law Rep., 370; 15 Mich., 237.)

4: Even if there can be a recovery it must be, not for the par value of the stock, but for damages for breach of the contract to subscribe. (Thrasher v. Pike Co. R. R. Co., 25 Ill., 405.)

O'HARA & BRYAN of counsel on same side.

L. T. APPLEGATE for appellee.

1. A contract can be made in the interest of a corporation before it is created and enforced by the corporation after it is incorporated. (Twin Creek & Colemansville Turnpike Road Co. v. Renaker, and Same v. Lancaster, 3 Ky. Law Rep., 368; Lackey v. Turnpike Co., 17 B. M.)

2. The contract upon which appellant is sought to be made liable, was not, required by law to be in writing.

JUDGE BENNETT delivered the opinion of the court.

The appellant and others, believing that the construction of a turnpike road from Falmouth to Chipman Hall, in Pendleton county, would be beneficial to their private interest, as well as that of the public, agreed to incorporate themselves, under chapter 56 of the General Statutes, into a company, for the purpose of constructing the road. Pursuant* to this agreement, articles of incorporation were drawn up and signed and acknowledged by appellant and others. The company was organized thereunder as "The Falmouth and Chipman Hall Turnpike Road Company," and within a short time thereafter commenced constructing the road. The means necessary for the construction of the road were

to be furnished by subscriptions to its capital stock. Many persons did subscribe to the capital stock by signing their names, together with the amount they wished to subscribe, to a subscription paper.

The appellant, prior to the incorporation of the company, agreed, verbally, to subscribe one thousand dollars to the capital stock of the company, for the purpose of constructing the road, the same to be paid as soon as the company was organized and the construction of the road commenced.

After the company was incorporated and organized, the appellant often recognized his liability to pay the one thousand dollars as soon as the work of constructing the road was begun. And after the work of constructing the road was begun, he promised to pay the one thousand dollars. But afterwards, when the construction of the road had been pushed nearly to completion, the appellant, for the first time, refused to pay the one thousand dollars. Thereupon, the appellee brought suit in the Pendleton circuit court against the appellant for its recovery. The trial of the cause resulted in a verdict by the jury, in favor of the appellee, for the whole amount claimed. The lower court overruled appellant's motion for a new trial, and rendered judgment against him, upon the verdict of the jury, for the amount claimed. He has appealed to this court.

The case of the Twin Creek and Colemansville Turnpike Road Company v. Lancaster, reported in 79 Ky., 352, was upon the following state of facts:

"We, the undersigned, for the purpose of constructing a turnpike road from ——— to ———, promise and agree to subscribe the amounts set opposite our re-

spective names, to the capital stock of a company to be organized for the purpose, and to pay the same in such installments as may be called for by the proper officers of such company, and we further agree that our said subscriptions may be subject to a call of ten per cent. as soon as such a company or corporation is completed or organized."

This court held, in that case, that the association formed under the General Statutes was nothing more than a private corporation. And, although the improvement contemplated was for the public good, yet the profits arising from the use of the road inured to the benefit of the stockholders; and the contract or subscription entered into, prior to the organization of the company, created such an obligation as rendered the subscribers liable for their subscription.

The court also said: "The purpose of signing this subscription was to enable the subscribers to organize and form a corporation that would inure to the benefit of all. It was, in fact, a mutual agreement, by which each subscriber pledged himself to the other to pay a certain sum of money, in order to perfect the organization and complete the enterprise."

"A subscriber or partner in an intended undertaking, subscribing an agreement to take measures to carry out the same, can not discharge himself from liability or repudiate the concern to which he may have pledged himself."

This case is like that case in nearly every essential particular, except in this case the appellant's agreement to subscribe was verbal. In this case, as in that, the agreement to subscribe was not intended as a mere vol-

untary donation. But the agreement to subscribe was intended to effect an organization for the purpose of building the road; and when the organization was effected, and the construction of the road commenced, the money was to be paid and used in completing the road, which, when finished and opened to the use of the public, would advance the private interest of appellant and his associates, as well as the interest of the public.

Now, the company having been organized upon the faith of appellant's agreement to subscribe one thousand dollars to the capital stock, and others having subscribed to the stock upon the faith of that agreement, and the work of constructing the road having been commenced upon the faith of that agreement, it is too late for the appellant to withdraw from the agreement. To do so would be a fraud upon the rights of his associates who embarked in the enterprise, and put their money therein, upon the faith of his promise.

Also, under the circumstances of this case, the appellant's agreement being verbal makes no difference. He is bound by it, as much so as if the agreement had been in writing, because the agreement to pay the one thousand dollars was not intended as a mere voluntary donation, but was an agreement to pay one thousand dollars, to be used in the construction of the road, when the company should be organized and the work thereon commenced. He was (upon the payment) to have, in common with his associates, a property right in the road to the extent of one thousand dollars, and receive his proportion of profits arising from the earnings of the road. So the consideration for the agreement was

valuable; and there being nothing in the Statute of Frauds requiring such an agreement to be in writing, it is as binding upon him as if it had been in writing. Also, the contention that the agreement comes within the provision of the Statute of Frauds, which requires contracts not to be performed within a year from the making of them to be in writing, is not well taken, for the reason that the statute refers to such contracts as are not to be performed within a year from the making of them, and not to such contracts as may be performed within a year from the making of them. Here the organization of the appellee's company and the beginning of the construction of the road could be performed within a year from the time of appellant's agreement.

Where a company is authorized to issue its capital stock and put it upon the market for sale, and a person wishing to purchase the stock as a judicious investment, agrees with the company to purchase so much of the stock at an agreed price, and the company, without having delivered the stock or tendered it to the purchaser, sues for the recovery of the agreed price, then the rule is, that the company cannot maintain such an action, because the company still holds the property; and the law will not permit it to withhold the property from the purchaser and recover the agreed price of it. In such a case, the company's remedy would be confined to an action for the recovery of such damages as it might have sustained, such as the loss of a bargain, by reason of the purchaser's failure to comply with his contract.

This rule was correctly stated in the case of the Mt.

Sterling Railroad Company v. Little, 14 Bush, page 431; but the rule, by inadvertence, was incorrectly applied to the state of facts before the court. The same rule announced in the case of the Twin Creek and Colemansville Turnpike Road Company v. Lancaster, and approved in this case, should have been applied to the facts of that case, and to the extent that the opinion in that case was made to apply to the facts of it, it is overruled.

The instructions given by the lower court to the jury correctly stated the law of the case.

The verdict of the jury was in accordance with the weight of evidence in the case.

The judgment of the lower court is affirmed.