## Kentucky Utilities Company v. Hurst, et ux.

(Decided February 20, 1925.)

### Appeal from Bell Circuit Court.

1. Damages—Instruction on Measure of Damages, Without Giving Jury Proper Criterion, Held Erroneous.—Instruction to find for plaintiffs any sum in damages which the jury believe they have sustained, not exceeding amount prayed for, held erroneous, in that it failed to furnish jury proper criterion by which to ascertain damages in conformity with the issues and testimony.

2. Frauds, Statute of—Rule as to Contracts Coming Within Statute as to Contracts to be Performed Within Year Stated.—Generally, where it is possible for a contract to be fully performed within a year, it will not be construed as within statute of frauds (Ky. Stats., section 470, subsection 7), but such statute does apply where accomplishment of finished job is not contemplated, and no time is fixed for performance, and where it appears that the parties intended the contract to extend over a year.

3. Frauds, Statute of—Water Company's Contract to Furnish Water Held Within Statute.—Water company's contract to furnish water held within Ky. Stats., section 470, subsection 7, requiring contracts not to be performed within one year to be in writing.

JOS. S. LAURENT and ROBT. G. GORDON, W. E. CABELL and BRUCE, BULLITT & GORDON for appellant.

W. T. DAVIS, L. F. De BUSK and JAS. M. GILBERT for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing in part and affirming in part.

Adjoining the northern limits of the city of Middlesboro, the plant or factory of the Virginia Iron, Coal & Coke Company is located. Bordering the northern limits of its tract of land, which is quite a large one, is a public road, and immediately across it plaintiffs own land upon which they reside and on which also are some five or six tenant houses that they rent to tenants who work at the plant of the above mentioned company, to which we shall hereafter refer as the Coke Company.

Somewhere about the year 1893, the Middlesboro Water Works, a corporation owning and operating a water works plant in the city of Middlesboro, ran an 18-inch water pipe to the northern limits of the city and to the property of the Coke Company, and the latter extended the pipe over its property to its plant and from thence ran other pipes over its tract so as to accommodate its employees who occupied tenant houses constructed thereon. One of the pipes running from its plant was a 3-inch one and it ran to the northern limits of the company's tract. From that point the appellees and plaintiffs below piped the water to their premises and to accessible points for their tenants. At the northern limits of the city the Middlesboro Water Works installed a meter and charged the Coke Company for all the water passing from that point into the pipes on its premises. There was also a meter installed at the point where plaintiffs connected with the 3-inch pipe on the northern line of the Coke Company's tract, and the water works company collected from them for the amount of water used on their premises and credited the Coke Company's account by that amount; and that arrangement seems to have been followed up to and after the year 1917, when the Middlesboro Water Works sold its plant to the appellant and defendant below, Kentucky Utilities Company.

In 1918 the Coke Company notified defendant that it would no longer take water from the latter, since it had determined to bore wells on its own premises and use its piping as a local individual water works plant. After that the water was shut off from plaintiffs' premises, although they continued to pay water rental at the rate of $5.00 per month for something like ten months, mak-

ing a total of $50.00. During that ten months, however, water was procured by plaintiffs and their tenants from hydrants located on the Coke Company's premises, but it was shut off from plaintiffs' premises at the northern line of the Coke Company's land.

Plaintiffs filed this action against defendant in the Bell circuit court to recover damages for the latter's failure to furnish them water, fixed in the petition as amended at the sum of $2,995.00, and which included the $50.00 paid to defendant for the ten months following the shutting off of the water from plaintiffs' premises. There were no items of special damage pleaded in the petition, nor did it point out in what the damage consisted, but only made the general statement of the gross damages to the amount claimed. The answer was a denial, and upon trial before a jury it, under the instructions of the court, returned a verdict in favor of plaintiffs for the sum of $800.00, which the court declined to set aside on defendant's motion for a new trial, and from the judgment pronounced upon it this appeal is prosecuted.

Aside from the error hereinafter considered, the judgment would have to be reversed because of the instruction of the court on the measurement of damages, which said:

"If the jury find for the plaintiff under instruction No. 1, it will find in any sum in damages which the jury shall believe they have sustained, not exceeding in all twenty-nine hundred and ninety-five ($2,995.00) dollars, including the $50.00 under instruction No. 2."

It requires neither argument nor the citation of authorities to demonstrate the error in that instruction, since it is the universal rule that such instructions must furnish to the jury the proper criterion by which it may arrive at the damages in conformity with the issues and testimony in the case. Under the instruction, as given, the matter was left at large to the jury with the right to find a verdict in the maximum amount regardless of what the evidence might be upon the subject, and the error in the instruction is so plain and manifest as to require no further mention.

Independently, however, of that error, we have concluded that, aside from the item of $50.00, the court should have sustained defendant's motion for a peremp-

tory instruction upon the ground that the alleged special contract for the furnishing of the water, and upon which the action is based, was verbal and was one which, under the circumstances and the contemplation of the parties at the time, was not to be performed within one year from the time of its making and was, therefore, inhibited by subsection 7 of section 470 of our statutes, commonly known as the statute of frauds. We are aware of the general rule to the effect that where it is possible for a contract to be fully performed within a year, it will not be construed as coming within the inhibition of the statute, and which rule is recognized and applied by courts generally, including this one, to such an extent as not to require a reference to the cases. But while such is the general rule, particularly as to contracts which have for their purpose the accomplishment of a finished piece of work and which might be finished within the year, yet some courts, including this one, have qualified it as to contracts not for a finished job and having no fixed time for performance and where from "the object to be accomplished and the surrounding circumstances it clearly and irresistibly appears that the parties intended that the contract should extend over a year," in which case the contract will be treated as one not to be performed within that time and as coming within the statute. 25 R. C. L. 458, paragraph 33; White v. Fitts, 102 Me. 240, 120 A. S. R. 483, 15 L. R. A. (N. S.) 313; Eastern Tennessee Telephone Co. v. Paris Electric Co., 156 Ky. 762, 162 S. W. 530, Ann. Cas. 1915C 543, and Cumberland and Manchester Railroad Company v. Posey, 196 Ky. 379.

In the East Tennessee Telephone Company case from this court there was a verbal agreement (without any fixed time) between the telephone company and the electric light company with reference to the stringing of wires by the one upon the poles of the other upon certain streets in the city of Paris. The opinion recognized the general rule above referred to, and also its qualification to which we have alluded, saying with reference to the latter:

"But the facts of this case do not bring it within the rule laid down in this line of authorities; but they do bring it, as we think, well within the principle that a contract is within the statute although no time is fixed for its performance when it is

clearly made to appear from the terms of the contract and its nature and the situation of the parties, that it was intended and contemplated by both parties at the time the contract was entered into that it would not and could not be performed by both parties within the year. Browne on Statute of Frauds, section 281; McPherson v. Cox, 96 U. S. 404, 24 L. Ed. 746; Walker v. Johnson, 96 U. S. 424, 24 L. Ed. 834; Warner v. Texas & Pacific Railroad Co., 164 U. S. 418, 41 L. Ed. 495; Blanding v. Sargent, 33 N. H. 239, 66 Am. Dec. 720; Kent v. Kent, 62 N. Y. 560, 20 Am. Rep. 502.''

The opinion then continues by a recognition of the principle that statutes of frauds should be strictly construed, and finally concluded that, following such rule of strict construction, the contract there involved should be brought within the statute under the recognized qualification of the general rule, and said: ''There is, however, no intimation or suggestion in this record that the performance of this contract depended on any contingency or the happening of any event that could take place within a year from the time the contract was entered into. So that we feel warranted in saying that the contract here in question was one that was not to be performed by both parties within a year and is, therefore, nonenforceable, unless it be that the performance of it by the light company takes it out of the prohibition of the statute.'' However, it was held in that case that after the wires were strung and the purpose of the contract was accomplished it became executed, and, under the doctrine of the case of Dant v. Head, 90 Ky. 255, the statute would not be held as applicable to an executed contract, in which fact lies the only difference between that case and this one, since here the contract is not executed but executory, and the very object and purpose of plaintiffs' action is to obtain relief for the failure to execute it. That case (East Tennessee Telephone Company v. Paris Electric Co.) was referred to with approval in the Posey case in 196 Ky., which was a stronger one for excluding the contract from the operation of the statute than the instant one; because, in that case, while there was no time fixed for performance, yet the contract was for the construction of a piece of work which it was physically possible to complete within the year, but which the court held under the evidence was necessarily not within the

contemplation of the parties and, that the contract was within the statute.

We, therefore, feel constrained to hold that the doctrine of the two cases referred to from this court, as fortified by the other citations, control this one, and the court erred in not sustaining the peremptory instruction as to all the damages sued for, except the $50.00, since plaintiff bases his cause of action exclusively upon the special contract and not on any franchise obligation of the defendant to furnish him water as a member of the public, and which latter could not be relied on since he did not reside within the territorial limits of the franchise.

We are also impressed with the suggestion that the contract here involved, having no specified time for its duration, and necessarily a continuing one, might be terminated by either party at will. But whether so or not, for the reasons hereinbefore stated, the judgment is erroneous except as to the $50.00; but as to that item we think the plaintiff manifested a right to recover, since he paid it to defendant without getting the service contemplated by the contract.

Wherefore, the judgment is reversed with directions to grant the new trial except as to the item of $50.00, to which extent it is affirmed, and the court is directed to reduce the judgment to that sum and for further proceedings consistent with this opinion.