## Williamson v. Stafford et al.
## Same v. Fetters et al.

Nov. 27, 1945.

60

Chat Chancellor, A. E. Funk, and Sarah Layman for appellant.

Charles Reidinger for appellees.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER—
Reversing.

Appellees in each of the above styled cases seek to recover of appellant damages for breach of contract. The petition in each case alleges that appellant, through her husband agent, had entered into a contract with appellees, whereby the latter agreed to saw all of the timber on certain boundaries of land owned by appellant in Lewis County. Appellees were to move saw mills owned by them onto the properties and commence operations when appellant delivered the logs to the mills. Appellees were to receive the sum of $9 per 1000 board feet of timber sawed. Appellant by answer in each case denied each and every material allegation of the petition. Trial was had upon the issues thus joined, and at the conclusion of the evidence, appellant's motion for a directed verdict in her favor was overruled in each case. The jury rendered a verdict for appellees in each case in the sum of $300. Judgments were entered accordingly, from which appeals have been prayed in this Court.

Appellant contends that the contracts involved were oral contracts, not to be performed within a year, and therefore unenforcible, because they are inhibited by the Statute of Frauds, KRS 371.010, which, in so far as pertinent, reads:

"No action shall be brought to charge any person:

\* \* \* \* \*

"(7) Upon any agreement that is not to be performed within one year from the making thereof, unless

the promise, contract, agreement, representation, assurance or ratification, or some memorandum or note thereof, be in writing and signed by the party to be charged therewith, or by his authorized agent. * * *''

Appellees contend that the contracts could have been performed within one year from the making thereof, for which reason they were not within the purview of KRS 371.010, supra; and, if wrong in this contention, that appellant may not rely upon the Statute of Frauds, because she did not specifically plead it as a defense to the actions. We will consider the contentions in reverse order.

The petitions were silent as to whether the contracts were oral or written; therefore, under the rule long since adopted and continuously adhered to by this Court, the presumption that they were oral will prevail. Todd v. Finley, 166 Ky. 546, 179 S. W. 455; Kash v. United Star Oil Co., 192 Ky. 422, 233 S. W. 898; Dysart v. Dawkins Log & Mill Co., 222 Ky. 415, 300 S. W. 906. As early as 1818, this Court held that, if the petition shows a contract to be verbal, the defendant may avail himself of the Statute of Frauds by denying the contract in his answer. Talbot v. Bowen, 8 Ky. 436, 1 A. K. Marsh. 436, 10 Am. Dec. 747. That rule has been adhered to consistently, and without exception, in later decisions of this Court. Hocker v. Gentry, 60 Ky. 463, 3 Metc. 463; Fowler v. Lewis, 10 Ky. 443, 3 A. K. Marsh. 443; Brown v. East, 21 Ky. 405, 5 T. B. Mon. 405; Johnson v. Broughton, 183 Ky. 628, 210 S. W. 455; Cumberland & Manchester R. Co. v. Posey, 196 Ky. 379, 244 S. W. 770; Klein v. Liverpool & London & Globe Ins. Co., 57 S. W. 250, 22 Ky. Law Rep. 301; Howard's Adm'r v. Snyder, 9 Ky. Law Rep. 358; Gaines v. Fitch, 14 Ky. Law Rep. 620; Nugent v. Humpich, 231 Ky. 122, 21 S. W. 2d 153. The precise question was not raised in Smith v. Fah, 54 Ky. 443, 15 B. Mon. 443, cited by appellees; but there is nothing contained in that opinion which militates against the rule. Albro v. Satchwell, 7 Ky. Op. 348, is the sole decision of this Court that does not follow the rule above recited. Since, on the point in question, it is in conflict with all other decisions rendered both before and after its publication, it is overruled. The authorities in foreign jurisdictions are in conflict on the subject; some holding that the Statute must be pleaded specifically, whilst oth-

ers hold that a general denial raises the issue of the validity of the contract, in defense of which the Statute of Frauds may be relied upon. The courts of Kentucky definitely are aligned with those states adhering to the latter rule.

In construing the Statute of Frauds, the general rule is that, if a contract may be performed within a year from the making of it, the inhibition of the Statute does not apply, although its performance may have extended over a greater period of time. Bullock v. Falmouth & C. H. Turnpike Road Co., 85 Ky. 184, 3 S. W. 129, 8 Ky. Law Rep. 835; Yellow Poplar Lumber Co. v. Rule, 106 Ky. 455, 50 S. W. 685, 20 Ky. Law Rep. 2006; Owensboro Shovel & Tool Co. v. Moore, 154 Ky. 431, 157 S. W. 1121; Swain v. Harmount & Woolf Tie Co., 226 Ky. 823, 11 S. W. 2d 940. For other cases, see 9 Ky. Dig., Frauds, Statute of, key 49.

But there is a well-recognized exception to the rule above recited, and that is that when it was contemplated by the parties that the contract would not, and could not, be performed within the year, even though it was possible of performance within that time, it comes within the inhibition of the Statute. Cumberland & Manchester R. Co. v. Posey, supra; East Tennessee Tel. Co. v. Paris Electric Co., 156 Ky. 762, 162 S. W. 530, Ann. Cas. 1915C, 543; Kentucky Utilities Co. v. Hurst, 207 Ky. 448, 269 S. W. 525; King v. McMillan, 293 Ky. 399, 169 S. W. 2d 10. In Kentucky Utilities Co. v. Hurst, supra, the Court said [207 Ky. 448, 269 S. W. 526]: "* * * We are aware of the general rule to the effect that, where it is possible for a contract to be fully performed within a year, it will not be construed as coming within the inhibition of the statute, and which rule is recognized and applied by courts generally, including this one, to such an extent as to not require a reference to the cases. But, while such is the general rule, particularly as to contracts which have for their purpose the accomplishment of a finished piece of work, and which might be finished within the year, yet some courts, including this one, have qualified it as to contracts not for a finished job, and having no fixed time for performance, and where from 'the object to be accomplished and the surrounding circumstances it clearly and irresistibly appears that the parties intended that the contract should extend over a year,'

in which case the contract will be treated as one not to be performed within that time, and as coming within the statute.''

We now must look to the evidence to determine whether the contracts in question fall within the rule or the exception. Mr. Williamson, who acted as agent for appellant in negotiating with appellees, testified that if the agreement had been consummated, the parties contemplated that it would require several years to perform under it. The only testimony offered by appellees confirms this fact. Appellee S. J. Stafford, on the 21st day of February, 1945, testified that the contract for the breach of which damages were sought was entered into in November, 1942. He was asked the following questions and made the following answers:

''Q. At the time you made this contract with Mrs. Williamson, to move your mill up there and saw her logs at Nine Dollars per thousand, did you understand that you were obligating yourself to saw the logs delivered to your mill? A. Yes, sir.

''Q. Did you intend to carry out your contract with her? A. I did.

''Q. If logs had been delivered to your mill, would you have sawed them for her? A. Yes, sir. I would have been sawing yet if they had paid me.

\* \* \* \* \*

''Q. How long do you think it would have taken you? A. It wouldn't have taken long to sow out Big Lick. Maybe a year.

''Q. Was it your understanding that you were to continue sawing until the whole of the large area was sawed? You didn't intend to just saw Big Lick and quit? A. I would have sawed until it was all sawed up.''

Appellee Fetters testified that his contract with appellant was entered into in November, 1942, and was asked the following questions and made the following answers:

''Q. I will ask you whether or not you contracted to saw the logs and timber in Mill's Branch? A. Yes, sir.

"Q. When you made the contract with Mr. Williamson, as agent for Mrs. Williamson, did he tell you how many feet of lumber or logs were standing in Mill's Branch? A. He didn't exactly tell me but he said there was a three years job."

Clearly, the evidence for both parties shows that it was not contemplated by either of them that the contract was to be performed, or could be performed, within a year. Before commencing the operations, it was necessary to move the mills onto the property; and the time necessary to do so extended the time for performance as contemplated by the parties in the Stafford case beyond a year, in the Fetters case beyond three years. It is obvious the Court should have sustained appellant's motion for a directed verdict in her favor in each case.

The motion for appeal is granted, and judgment reversed in each case.