Paris Frederick **JOHNSON,**
**Jr., Appellant,**

v.

**KENTUCKY YOUTH RESEARCH**
**CENTER, INC., Appellee.**

Court of Appeals of Kentucky.

Jan. 11, 1985.

Kyle Citrynell Willock, Louisville, for appellant.

William J. Gallion, Lexington, for appellee.

Before COMBS, WHITE and DUNN, JJ.

DUNN, Judge.

This appeal is from the Franklin Circuit Court Order dismissing appellant Fred Johnson's complaint, which sought equitable enforcement of his rights regarding the production of a documentary in conjunction with appellee, KYRC.

Appellant Johnson is a videographer, independent producer and media consultant. Appellee KYRC is a Kentucky not-for-profit corporation.

On July 31, 1981, appellee KYRC submitted a grant application to the Kentucky Humanities Council for funds to produce a documentary about Dr. Cratis Williams, an Appalachian scholar. Jo Zingg, an employee of KYRC, prepared the grant application in collaboration with several people, including appellant. Appellant's name does not appear on the grant application, but is mentioned in a budget attached in connection with "Open Systems," a name appellant used for business purposes, as filmer of the documentary.

In December, 1981, the Kentucky Humanities Council approved the grant application and it specified that the project must begin by December 15, 1981, and must be completed by March 31, 1983. Even though the contract provided sufficient latitude for performance beyond one year, by its very terms, however, it could have been fully performed within one year. It also identified "Open Systems" as a 3 person camera crew. Appellant verbally contracted with Jo Zingg, the Project Director, to film the documentary. He obtained the services of Don Dean and Tacy Fullerton to assist in the filming.

Filming began on the project as scheduled, but completion was delayed and at the time of appeal, the project had not as yet been completed. Apparently there was some dispute over editing and over whether appellant was to be given credit as co-author. Sometime prior to June 17, 1983, Jo Zingg confiscated and retained the tapes already made.

On June 17, 1983, appellant filed a complaint, individually, against KYRC alleging, among other things, breach of contract and conversion. He secured a restraining order to prevent any further work from being done on the project. Appellee answered, moving to dissolve the restraining order and to dismiss the complaint due to appellant's lack of standing to sue individually because of his alleged partnership, "Open Systems," and that his claim was barred by the Statute of Frauds.

The trial court agreed and cited these as the reasons for its entry of an order dissolving the restraining order and dismissing appellant's complaint.

■ We agree with KYRC's contentions that all partners must sue to enforce a partnership claim and that one partner cannot sue as an individual for his own benefit on a contract executed by the partnership. *See* 60 Am.Jur.2d *Partnership*, § 322 *et seq.* (1972). However, it must be determined that a partnership exists before a suit, brought individually by an alleged partner, can be dismissed. It is unclear whether the complaint was dismissed on the basis of KYRC's answer which included a motion to dismiss or on the trial court's sua sponte treatment of the case as one for summary judgment. In either event, on this issue as to appellant's standing to sue, the trial court erred. Under CR 12.02, his allegation of sole proprietorship in his dealings with KYRC must be taken as true in considering the motion to dismiss, and under CR 56.03 there is a genuine issue of material fact in dispute; to-wit, whether appellant was a sole proprietor or a partner in his dealings with KYRC, in considering summary judgment.

This latter reason also applies to the Statute of Frauds issue both in the light of the application to it of time of performance of the contract and "act of creation" vis-a-vis "work made for hire" concepts.

The Statute, KRS 371.010, provides:

No action shall be brought to charge any person. . . . (7) Upon any agreement that is not to be performed within one year from the making thereof; . . . unless the promise, contract, agreement, representation, assurance or ratification, or some

memorandum or note thereof, be in writing and signed by the party to be charged therewith, or by his authorized agent.

If a contract may be performed within one year from the making thereof, the statute of frauds does not apply. *Williamson v. Stafford*, 301 Ky. 59, 190 S.W.2d 859 (1945). There is a genuine issue in this case as to whether this contract could have been fully performed within one year. If it could be, the statute does not apply, even though it was not performed within one year. *See Buttorff v. United Electronic Laboratories, Inc.*, Ky., 459 S.W.2d 581 (1970). The same is true regarding determination of the issue appellant raises that his services pursuant to the oral agreement are an "act of creation" and the process of creation gives rise to the rights he claims and not the process of contract as would be the case if his services were "work for hire."

The Judgment of the Franklin Circuit Court is REVERSED and this case REMANDED for proceedings consistent with this opinion.

All concur.