791 F.2d 935
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
FRED ROSS and DAVID L. WILSON, Plaintiffs-Appellants
v.
LINDELL L. WILSON, JACK MILLER, RUSSELL STOCKTON, BRUCE
HATFIELD and ROY WHEAT Defendants-Appellees.
 85-5331
 United States Court of Appeals, Sixth Circuit.
 4/17/86
 
 AFFIRMED
 E.D.Ky.
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY
 BEFORE: JONES and WELLFORD, Circuit Judges; and GILMORE, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiffs appeal from the judgment on a jury verdict entered for the defendants in this civil rights action brought under 42 U.S.C. Secs. 1983, 1985 and 1988. They contend that the judge made a number of erroneous rulings during pre-trial proceedings and during the course of the trial. On review, we find no basis for these claims and affirm the judgment of the district court.
 
 
 2
 This civil rights action stems from the criminal arrest of the plaintiffs for 'bootlegging' whiskey in McCreary County, Kentucky and the subsequent dismissal of all charges. The gravamen of the complaint is that the defendants--a county sheriff and four Kentucky law enforcement officers--made the arrests without probable cause and with an excessive use of physical force resulting in substantial physical injuries to the plaintiffs.
 
 
 3
 Plaintiffs contend that the court erred in denying a discovery request for the names of two confidential informants who purportedly led the defendants to the situs of the whiskey. Generally, law enforcement officials enjoy a privilege against disclosure of a confidential information's identity in criminal cases. United States v. Whitley, 734 F.2d 1129, 1137 (6th Cir. 1984) (citing Roviaro v. United States, 353 U.S. 53 (1957)). We also recognize that this privilege has been extended to civil cases. See Hampton v. Hanrahan, 600 F.2d 600, 637 (7th Cir. 1979) rev'd on other grounds, 446 U.S. 754 (1980); Bergman v. United States, 565 F. Supp. 1353, 1360 (W.D. Mich. 1983). But whether in the criminal or civil context, this privilege yields only where the balance of competing interests falls in favor of disclosure. Whitley, 734 F.2d at 1138. In this circuit, the balance has normally weighed most heavily toward nondisclosure when the informant has a limited role in the criminal activities surrounding the arrest or is not a direct participant in the crime or arrest. See id. (citing several cases).
 
 
 4
 Balancing the interests and circumstances in this case, we recognize the following facts. The arrest of the plaintiffs did not take place at the situs where the informants were to have led the defendants. Plaintiffs were arrested only after they arrived some time later at a place some distance from the situs where they were observed conspicuously carrying paraphernalia normally used in the manufacture of illegal whisky. Nothing in the record reflects, nor do the plaintiffs contend, that the informants participated in the apprehension or arrest of the plaintiffs. Based on these factors, we must conclude that the district court did not err in denying the discovery request for disclosure.
 
 
 5
 Plaintiffs also assign as error the district court's decision to conduct a voir dire hearing concerning evidence proffered with regard to plaintiff Wilson's pendant state claim for loss of business profits and the court's decision to dismiss the claim in its entirety at the conclusion of the hearing. The district court has the discretionary power to conduct a hearing outside the presence of the jury whenever a question of relevancy arises during the course of the trial. Rexrode v. American Laundry Press Co., 674 F.2d 826, 830 (9th Cir.) cert. denied, 459 U.S. 862 (1982). Consequently, we can find no basis to conclude that the district court abused its discretion in viewing the evidence on the claim as he did.
 
 
 6
 We also see no logical reason for divesting the district court of the power to dismiss a claim when an otherwise proper ruling to exclude irrelevant evidence negates the essential legal elements necessary to maintain a viable claim. The evidence submitted showed that Wilson's wife was the legal owner of the business. On that basis alone we could find the dismissal proper. But even if we were to assume that Wilson could have established a partial ownership interest in the business, under Kentucky law all parties in a partnership must sue to enforce a partnership claim. Johnson v. Kentucky Youth Research Center, Inc., 682 S.W. 2d 799, 800 (Ky. Ct. App. 1985). Wilson's wife was not a named party to this action, and consequently any evidence regarding Wilson's partial ownership was irrelevant. Therefore, we find that the district court did not err in dismissing the claim as a result of the evidence adduced at the voir dire hearing.
 
 
 7
 We have also reviewed the remaining four assignments of error made by the plaintiffs and find each without merit. Accordingly, the judgment on the jury verdict is AFFIRMED.
 
 
 
 *
 Honorable Horace W. Gilmore, United States District Court for the Eastern District of Michigan, sitting by designation