Chief Justice Robertson
delivered the Opinion of the Court..
Taylor having sold and conveyed to Lyon, five hundred acres of land, represented to be included in Reiny’s survey, in fhe county of Laurel, and having afterwards obtained a judgment for about seven hundred and fifty dollars — all that remained unpaid of the consideration; Lyon enjoined the. judgment, and prayed for a rescission of the contract, — alleging that Taj lor lived in the state of Tennessee; that he made false and fraudulent representations respecting his title; that the only pretence of title which he ever had, he derived by intermediate conveyances under Remy’s patent; that Remy’s survey does not cover the five hundred acres; that he (Lyon) had never accepted the deed from Taylor; that he doubted the legality of his derivative right; and therefore calling on him to exhibit the muniments of his title.
Taylor, in his answer, denied the imputed fraud ; insisted that Remy’s survey included the five hundred acres sold to Lyon ; averred that Lyon had accepted the deed, and exhibited documents purporting to be a conveyance from Remy to Edwards, a deed from Edward’s heirs to Pearl, and a deed from Pearl to himself. But, as those documents had not been properly authenticated, and, moreover, as the deed from Edward’s heirs had not been fully executed, he filed a cross bill against Pearl, the heirs of Edwards, and the unknown heirs of Remy, for the purpose of confirming and perfecting the legal title.
Without disposing of the cross bill, the circuit court decreed a rescission of the contract between Taylor and Lyon; and the propriety of that decree is the main question now to be considered.'
The comp’t in a cross bib, not duly prepared, can't compiain. that it is contain ed at tile trial of t leonfmu bl11' A deed not proVed in time to be recorded, is good between the parties to it. I he gran tee,'up on accepting it, should have it proved and recorded.
¡No proof of fraud in 'this case: the vendor appears to have acted in good faith, not doubting thssuf ficiency of his title.
Defect of title, where there is no fraud in tho aa!e> the and no eviction’ is no ground for rescission, ormjunction against ey. The grantee is presumed to rely upon the covenants inserted in the conveyance, and must abide by his le al remedy-unless there are such circumstances conneoted with the defect of titl0 as wj]j hiitder him from obtaining redress at law : in which case, he may obtain an injunction to Btop the-collection of the purchase money, until a decision npon the title can be had. ’ A purchaser,by executed contract, — under peculiar circumstances (described in the text) may be allowed an injunction to stop the collection of the purchase money, without showing any fraud, or any eviction.
*277 The plaintiff in error has no just cause to complain that his cross bill was continued ; for it does not appear that he had brought ali the heirs of Edwards before the court; and, though he had alleged, that Remy’s heirs were unknown, a subpoena, designating them by name, was afterwards issued, and returned executed, without any allegation-or proof that they were the heirs of Remy.
But the decree rescinding the contract cannot be sustained.
The deed from Taylor to Lyon must, from the proof, be deemed to have been accepted; and, though it was not fully proved in time to be legally recorded, it is good and effectual between the parties; and it was Lyon’s duty, after accepting it, to have had it properly proved and recorded. There is no sufficient proof that Taylor was guilty of- any fraud in the contract. There is not a particle of proof tending to shew, that he knew or suspected that his title was, in any respect, defective or inferior. On the contrary, the long time during which the land had been occupied by those claiming to have been purchasers under Remy, without any question or doubt as to the validity of their title, and other more minute circumstances which appear, indicate satisfactorily, that Taylor, had never doubted the validity or the superiority of his legal right, and had acted in good faith in representing his title as a good one, and in selling and conveying it as such — The representation that his title was good cannot therefore affect the case, Carrico vs. Froman, 2 Littel’s Rep. 178.
The point to which the attention of the parties seems to have been chiefly, and almost exclusively directed in the preparation of the case in the circuit court, is, whether Rerny’s patent includes the land conveyed by Taylor to Lyon. Whether that patent includes the whole of that land, or only about one half of it, depends on whether the mouth ol Raccoon, as called lor in the survey, or the mouth of Pond creek, be the true beginning of Remy. Upon this point the prepara *278 lion has been unusually elaborate, and the testimony is vexatiously contradictory and inconclusive. How the facts, as exhibited iri this record, should be deemed to preponderate, we shall not decide; because, were it admitted, that, in making the original survey, the mouth of Fond creek was, through mistake, made the place of actual beginning, instead of the mouth of Big Raccoon creek, which was designated byname, and was intended as the place of beginning, still we could perceive no sufficient ground for rescinding the contract, executed, as it appears to have been, without circumvention or fraud. Such a case would be only the common one of a bona fide conveyance of land, each party believing the title good at the time, but which turns out to be defective, or inferior to some other conflicting title. In such a case the vendee, being in the undisturbed possession, must — according to a general principle of equity, well settled and well understood, rely on his contract for indemnity, and has no just claim to a coercive rescission of a fair, executed agreement, made with dn expressed or presumed view to the contingency of the defectiveness or inferiority of the vendor’s title. There is no authority for decreeing the rescission of such a contract for such a cause: all the authoritative adjudged cases are to the contrary After a scrutinising survey of the authorities, Chancellor Kent said in Bumpus vs. Platner, 1 Johnson's Ch. Rep. 218, that “ there is no case of relief," on the ground of a failure of consideration, when possession has passed and continued without any eviction at law under a paramount title;" and, in Abbot vs. Allen, 2 Ib. 519, the same Chancellor, after reviewing the adjudged cases, said — “ I know of no case in which this court has relieved the purchaser where there roas no fraud md no eviction — all the cases that I have looked into, proceed on the ground of a failure of the title duhj ascertained.”
Many cases to the same effect have been decided by this court. Miller vs. Long, 3 Marshall, 334; Golden vs. Maupin, 2 J. J. Mar. 239, and Simpson et al. vs. Hawkins and Cochran, 1 Dana, 303.
The unexpected insolvency or removal of the vendor, may, in peculiar cases, authorize an injunction against *279 the enforcement of the purchase money, until the purchaser can have the question of doubtful title settled; Rawlings vs. Timberlake, 6 Mon. 225; Payne vs. Cabell, 7 Ib. 198, and Golden vs. Maupin, and Simpson vs. Hawkins, supra. But, where there is no such obstruction or deficiency in the legal remedy, the chancellor should not even enjoin the unpaid purchase money : such is the doctrine ruled in the cases just cited from first and second Johnson's Chancery Reports; and it accords with principle and analogy.
It is to be presumed, that the purchaser examined the muniments of title before he accepted a conveyance. It was his duty to do so ; and, if he failed, he was guilty of what is denominated crassa negligentia. It is to be presumed, also, that he intended to look to the provisions and obligations of his contract, and not to a vacation of it, for indemnity for any deficiency in the title of his vendor. If he took no covenant of seizin, which would have enabled him without an eviction, to' put the title to a legal and decisive test at any time, he cannot call on the chancellor to supply such an omission in the contract, and, by anticipating an eviction, to decree a rescission. Why rescind? However defective the title may be, it is — even if the vendee could not have detected its true character by proper vigilance when he made his contract — only what the parties to every such contract must be presumed to have contemplated — that the title might, at some time, be discovered to be imperfect or inferior; for which contingency, when the purchaser does not intend to hazard it, he provides his own security, by the terms of his agreement; and which, in this case, has been provided for by the covenant of general warranty in the deed of conveyance to Lyon.
As then, there is no proof of fraud, the contract should not be rescinded for that only, which its very nature and terms prove that the parties contemplated as a possible contingency, and therefore provided for in the mode they thought fit to adopt.
But, even when there is no eviction, and no fraud, a purchaser, who shall shew that he is in obvious and imi *280 nent danger of eviction, may enjoin the enforcement of tiie consideration money remaining unpaid, if he can also shew that, in consequence of the unexpected insolvency or removal of the vendor since the acceptance' of the deed, he may sustain an irreparable loss, or may be subjected to unforeseen and unreasonable inconvenience or peril, in the event of a future eviction, really apprehended. Such a preventive remedy is founded on a broad and comprehensive principle of equitable jurisprudence — the principle of quia timet. But it extends, no further than to prevention of a loss, or to security against a danger, unexpected at the time of the conveyance ; and should not, even then, be applied unless the complaining party evince an honest disposition to have the title perfected or guarantied, and make proper efforts for the effectuation of that end, and for a trial of all conflicting claims.
A vendee who can avail himself of an adverse possession of twenty years,isuot entitled to an injunction upon a judgment for the purchase money-
Cause remanded : comp’t to have leave to amend his bill, and show cirou.nstances, appearing to cxist, which will sustain his injunction,anden title him to-relief in chancery.
Lyon has not shewn any equitable right to an injunction, in consequence of the allegation that Remy’s survey does not include all the land conveyed to him by Taylor; because, were there no other reason, George Thompson’s patent, more than twenty years old, covers the whole five hundred acres, if Remy’s survey does not; and it may be presumed, that the adverse occupancy under Remy, for more than twenty years, would afford ample protection to Lyon, against the claim of Thompson, who, as this record shews, was still living after twenty years had run.
But, as it appears from the shewing of Taylor himself, that his legal title is not perfect and unquestionable, and as the statute of limitations would not affect the rights of any of the vendors who had not parted •with the legal title, and as it also appears, that Taylor has removed from Kentucky since the date of his conveyance, Lyon would be entitled to his injunction upon shewing reasonable ground for apprehending that any of those from whom Taylor claims to have derived his right may successfully assert title to the land, and bringing such persons before the court, to assert or relinquish their claims. He has not distinctly averred any such apprehension ; nor has he attempted to quiet or perfect his *281 title : but, from what appears, there may be some cause for apprehending some eventual danger; and therefore, on the return of the cause to the circuit court, he may have leave to amend his bill, and make, if he choose, appropriate allegations, and all proper parties, for the purpose of perfecting his title, or of having a decision equivalent to an eviction, in the event of a failure to procure a perfect derivation of title from the patentee.
Mandat»,
Wherefore, it is decreed by this court, that the decree of the circuit court be reversed, and the cause remanded, with instructions to maintain the injunction, if Lyon should elect to amend his bill, as has been suggested, and to dissolve it, without damages, on the final hearing on that amendment, provided an unquestionable title be obtained : otherwise to perpetuate it, in the event of a virtual eviction by any of those through whom the title must pass before it can be safely and fully vested in him. But, in the event of his failing to take such steps in proper time, to dismiss his bill, with costs, and dissolve his injunction, with damages.