## SAMUEL H. JESSE v. J. R. GREGORY.

**Trustee—Sale of Land—Innocent Purchaser.**

> Where a person, as trustee for his wife and children, and pursuant to the order of a court, conveys real estate for a sum larger than he accounts for, and the purchaser, being innocent in the transaction and not knowing of the trustee's purpose not to so account, will not be effected thereby, but will receive a good title at such sale.

### APPEAL FROM DAVIESS CIRCUIT COURT.

#### June 21, 1877.

OPINION BY JUDGE COFER:

This was an ordinary action on two notes given for a part of the price of a tract of land sold and conveyed, with general warranty, by the appellee to the appellant. The appellant answered in substance, that the land was originally conveyed by Evans to Tripplett as trustee for the wife and children of James M. Holmes, free from the control of the said Holmes; that January 8, 1864, Holmes executed to the appellee a bond for a deed to the land, for which the

latter agreed to pay $4,500; that on the same day Holmes, for himself and as guardian for his children, instituted suit in the circuit court of Daviess county, where the land is situated, against his wife for a sale of the land for reinvestment; that the land was adjudged to be sold, and was sold and purchased by Wandling for $3,128; that a deed was made to Wandling who afterwards, for the recited consideration of $3,128, conveyed it to Holmes, and Holmes conveyed it to the appellee; that the purchase by Wandling was for Holmes and was a mere device to divest his wife and children of their title, and to secure to Holmes the difference between the price bid by Wandling and the price appellee was to pay to Holmes; that only the sum bid by Wandling had been invested for Mrs. Holmes and her children, and the residue, to wit, $1,372, had been appropriated by Holmes. He also averred that these facts were known to the appellee when he made the deed, and were concealed from him (appellant), to whom they were then unknown.

He prayed that the cause might be transferred to equity and the contract be rescinded. A demurrer to the answer was sustained and that ruling presents the only question in this record. The appellant, though he expresses some doubt as to the validity of the judgment under which the property was sold, does not indicate any specific defect nor exhibit a copy of the record, and we must assume that the judgment is valid.

If the other facts stated in the answer exist, the most that can be said is that Mrs. Holmes and her children might elect as against one not a bona fide purchaser to reclaim the land. The appellant, according to his statement, received his deed without notice of the alleged fraud of Holmes, and if so may hold the land against them. In such a case it is well settled that the purchaser cannot have a rescission. *Taylor v. Lyon,* 2 Dana 276, and authorities there cited.

Having a valid title to the land, all that the appellant can in any possible contingency be liable for is the excess for which Holmes sold the land over the amount bid by Wandling; and he may indemnify himself against that liability out of the purchase money yet unpaid and not sued for in this action. But he cannot be indemnified out of the money sued for in this case because he failed to bring Mrs. Holmes and her children to assert their claim. *Simpson v. Hawkins & Cochran,* 1 Dana 303; *Denny v. Wickliffe,* 1 Met. 216.

The fact that a child born to Mrs. Holmes after the institution of the proceeding to sell the land was not made a party will not authorize a rescission of the executed contract. The appellant must rely

upon the covenant of warranty in his deed for indemnity against any claim that child may have.

Judgment *affirmed.*

*Riley & Jolly, for appellant.   Weir & Son, for appellee.*