Louisville & Nashville Railroad Co. v. Harvey.

CASE 25—PETITION ORDINARY—MARCH 25.

# Louisville & Nashville Railroad Co. v. Harvey.

99  157
99  435

APPEAL FROM WARREN CIRCUIT COURT.

1. MASTER AND SERVANT—TERM OF EMPLOYMENT.—A contract of employment between master and servant, in which there is no specified term in days and months, is one which may be terminated at will by either of the parties thereto.

2. SAME.—Where a brakeman was employed by a railroad company during a strike, and there was no specified term of employment, the company was not compelled to retain him in its service longer than the one month, if that long; and no formal discharge by the company was necessary.

J. A. MITCHELL, WM. LINDSAY and H.W. BRUCE for appel-
LANT.

1. Where there is an indefinite hiring, and the service is not to con-
tinue for a certain fixed and definite time, it is determinable at
the will of either party; and there is no distinction between
domestic and other servants. (Wood on Master and Servant,
secs. 127 and 136.)
2. One addicted to the use of intoxicating liquors should not be em-
ployed in railroading; and where a railroad company employs
such an one, it is justified upon discovery of his habits, to refuse
to further employ him. (Wood on Master and Servant, 2 ed.,
sec. 134.)
3. In such a case actual loss and damage is the criterion of recovery,
and appellant's instruction based thereon should have been
given. (Lewis v. Scott, 16. Law Rep., 49.)

E. W. HINES, SIMS & COVINGTON, W. T. COX and H. B. HINES
FOR APPELLEE.

1. The court properly struck out of defendant's answer that part of
it alleging that plaintiff was addicted to the use of intoxicating
liquors. If he was, defendant's remedy was to discharge him,
and that it had never done.
2. A mere failure to pay, however long continued, is not equivalent to
a discharge; and until there was some act of defendant amount-
ing to a repudiation of the contract, it was plaintiff's duty to
hold himself in readiness to perform the duties thereunder.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

L. K. Harvey brought this action to recover of the Louis-
ville & Nashville Railroad Co. $112, amount of wages alleged
to be due him as railroad brakeman for the months of
August and September, 1890, at the rate of $56 per month.
Subsequently he filed an amended petition asking judgment
for the additional sum of $224, amount of wages at same
rate for four succeeding months. And from the judgment,
following a verdict of the jury for $150, defendant has
appealed.

At the trial defendant asked the court to instruct the jury peremptorily to find for it. And a refusal of that instruction involves an inquiry whether the facts stated in the petition and amended petitions constitute a cause of action.

We quote so much of the petition as is pertinent:

"Plaintiff further says that, in the month of July, 1890, the defendant employed him as a railroad freight brakeman for them; that said contract of employment was made by this plaintiff and a duly authorized agent of said defendant company; that, under said contract, it is and was the duty of this plaintiff to work for the said defendant as a railroad freight brakeman.

"Plaintiff says that the defendant agreed and promised to pay him for his said services, as set out above, the regular or usual wages allowed all men employed as freight brakemen, which was at the rate of $— per trip, making an average of $— per month.

"Plaintiff says that, for the first month of his services, to wit, the month of July, the defendant paid him the sum of $70.80, but has never paid, and now refuses to pay, him his wages, or any part thereof, for the months of August or September, although the wages for the two months just past are now overdue and have been demanded by him. Plaintiff says that he is still in the employ of defendant company under his contract with them and has never been discharged from their service, and has been at all times and is now ready, when called upon, to perform his work as the contract between him and defendant requires him to do; that defendant is justly indebted to him the sum of $112, the sum of $56 being the usual and regular wages allowed for freight brakesmen per month, which said sum, or any part thereof, the defendant has refused to pay."

It is not stated in the petition or amended petition that plaintiff rendered any service as freight brakeman, or otherwise, for defendant during the six months, for which length of time he seeks to recover wages; on the contrary, in his reply to the answer it is admitted that he did not. Therefore, to entitle him to recover the full amount of wages during the six months, or even any part thereof, without having rendered, by his services, an equivalent, the contract, under which he claims, should fully and plainly authorize it.

It is not alleged, nor for that matter proven, that there was any contract of employment for any specified term of days or months. On the contrary, the statement in the petition that defendant was to pay the regular and usual wages allowed men employed as freight brakemen, which was $56 per month, can not be interpreted otherwise than as an employment indefinite as to time during which the relation of master and servant would exist, and consequently, as is well settled, subject to termination at the will of either. For it is not stated in the petition that, by the terms of the contract, plaintiff agreed to work or defendant agreed to employ him as freight brakeman for any specified or fixed term of months or days.

And, if there was any doubt of such being the true meaning of the contract, the proof would remove it. For it appears that plaintiff and others, being at Bowling Green, out of employment, was hired to go to Newport, Ky., to supply places of striking brakemen, where he was employed a few days only and then returned to Bowling Green at the expense of defendant, and, though he rendered no further service, was paid about $70 for the month of July, being allowed $5 per day while in active service at Newport.

It seems to us too plain for discussion that the parties

Louisville & Nashville Railroad Co. v. Harvey.

understood that plaintiff was not bound to continue longer in the service of defendant, and, necessarily, the latter was not bound to employ him longer than the month of July, if even so long. And so no formal discharge of plaintiff was necessary. But if it had been, the answer of defendant's agent to the application of plaintiff for employment, that he would inform or call on him when his services were needed, was an indication too plain to be misunderstood that plaintiff was free to seek employment elsewhere, and defendant was free to dispense with his services thereafter.

It seems to us wholly unreasonable and without the usual course of such business that plaintiff regarded himself, in virtue of the alleged contract, the employee of defendant after July, and therefore, though rendering no service, entitled to full wages, or that the latter understood itself bound thereby to keep him on its pay rolls after that month.

In our opinion defendant was entitled to the peremptory instruction, and for the error of the court in refusing to give it the judgment is reversed for a new trial consistent with this opinion.