CASE 53—ACTION FOR DAMAGES FOR BREACH OF CONTRACT —APRIL 26.

# Yellow Poplar Lumber Co. v. Rule.

APPEAL FROM BOYD CIRCUIT COURT.

1. CONTRACT—MUTUALITY.—A contract to employ plaintiff so long as defendant was engaged in the saw-mill business on the Ohio river for a fixed sum *per diem* in consideration of plaintiff's release of damages incurred in defendant's employment is not void for want of mutuality.

2. SAME—INDEFINITE TIME.—Nor is such a contract subject to termination at the will of the defendant for indefiniteness.

3. SAME—STATUTE OF FRAUDS.—Such a contract being possible of performance within a year is not within the statute of frauds.

4. PLEADING—DEPARTURE.—A demurrer to the amended answer attempting to set up a written release of the damages incurred in defendant's employment in consideration of $208, and that in consequence of said release the contract sued on was without consideration was properly sustained. The amendment did not meet the issues tendered by the petition.

HAGER & STEWART FOR THE APPELLANT.

1. The contract sued on was not enforceable for lack of mutuality. L. & N. R. R. Co. v. Offutt, 18 Ky. Law Rep., 303; Bishop on Contracts, par. 78, 318.

2. Assuming that a valid and binding contract was entered into, the relation of master and servant according to plaintiff's allegation and proof was to continue as long as this mill should operate on the Ohio river. Assuming that the statute of frauds

does not apply, that is a hiring for an indefinite length of time and as such was terminable at the will of either of the parties to the contract. L. & N. R. R. Co. v. Harvey, 17 Ky. Law Rep., 1368; L. & N. R. R. Co. v. Offutt, *supra;* Wood on Master and Servant, par. 133, 136; Perry v. Wheeler, 12 Bush, 541; Parsons v. Transon, 66 Am. Dec., 502; E. Line, &c., R. R. Co. v. Scott, 13 Am. St. Rep., 738.

3. If the plaintiff had an option to elect as to the duration of services, he failed to exercise it.

4. If the plaintiff is entitled to anything at all, it is nominal damages only. Bolles v. Sachs, 37 Minne., 315.

5. The contract was within the statute of frauds.

6. The court erred in sustaining a demurrer to the amended answer.

7. If the release therein plead was actually executed, then the contract sued on was without consideration.

DINKLE & MONTAGUE for the appellee.

1. The points of want of mutuality and indefiniteness are not well taken. The cases of L. & N. R. R. Co. v. Offutt, 18 Ky. Law Rep., 304, and L. & N. R. R. Co. v. Harvy, are not in point, because in those cases there was no consideration for the contract.

2. As to the statute of frauds, this contract does not come within the statute of frauds as it might have been performed within a year from the making thereof. 83 Ky., 544; 7 Ky. Law Rep., 549; 9 Ky. Law Rep., 358.

3. A demurrer to the amended answer was properly sustained because appellant was suing upon a contract and not for the negligent injury to his hand; hence the signed release had no place in this case. If it had been a compromise for the breach of contract then it would have been proper to plead it as a defense to this action for a breach of contract.

CHIEF JUSTICE HAZELRIGG delivered the opinion of the court.

Appellee Rule, was an employe in one of the sawmills of appellant company, and, upon having his thumb cut off, as he claims, by the negligence of the company's agents, demanded damages for the injury. He was met with a proposal on the part of the company that if he would forego his suit for damages, and surrender all claim therefor,

it would give him employment at the rate of $2.50 per day so long as it was engaged in the sawmill business on the Ohio river. He accepted this offer, but afterwards, when was able to work, and when the mills of the company had resumed operation, he was refused employment. It was then too late, under the statute of limitation, to bring suit for damages for the original injury, and this action was then brought for breach of contract of employment. The contract was denied by the company, but is fully made out by the proof. The verdict of the jury was for the sum of $1,400, and the company has appealed, insisting, first, that the contract as alleged and proved was not a legal and binding one, because of a lack of mutuality. On this behalf it is said, if the appellee's contention is supported, the company was bound to hire, but the employe was not bound to serve. He could work or not work, as he chose, it not being contended that he obligated himself to serve at $2.50 per day, or any other sum, as long as the mills were operated on the Ohio river.

In our opinion, whilst these are the characteristics of the contract, it does not follow that the employe is without remedy. Except for the fact that courts do not, as a rule, so enforce these contracts of hiring, by reason of their personal nature, the agreement as alleged might be the basis of an action for specific performance, and, such an action not being maintainable by reason of the rule adverted to, we perceive no reason why the appellee might not purchase for a valuable consideration the right to obtain employment or option to work at appellant's mills so long as they engaged in running them at the place designated. Such a contract does not differ in substance from those known as optional contracts in the purchase of prop-

erty, and which have often been upheld by this court where there is a consideration for them, even when there is only an agreement to sell, and no corresponding agreement to buy.   Bacon v. Kentucky Central Railway Co., 95 Ky., 373 [25 S. W., 747], and cases there cited.

In Beach, on the Modern Law of Contracts, section 457, it is said: "When an employe, in consideration of an agreement on the part of the employer to give him work as long as he is able to perform it, releases a claim for damages said to have been caused by the employer's negligence, the agreement is not void because lacking mutuality.  By releasing his claim, the employe has paid in advance for an optional contract, and he has the right to have it remain optional."   The author cites the case of Smith v. St. Paul Railroad Co. (Minn., 1895) [62 N. W., 392], and which fully supports the text. See also, Pennsylvania Co. v. Dolan, 6 Ind. App., 109, [32 N. E., 802].

In the second place, it is insisted that the alleged employment was for an indefinite length of time, and, therefore, subject to termination at the will of either party to the contract.  This is, undoubtedly, the general rule, unless, from the terms of the contract, or from some controlling circumstance showing a different intent, the contracting parties must be supposed to have understood that the employment might be terminated at the will of either party.  There is nothing in such contracts to the contrary, and the intention of the parties controls.  But when, from the contract itself, a different intention is manifested, and the hiring, although not in terms for a definite period in days or months, is for a period of time which is susceptible of at least approximate determination by proof, there is no reason why the rule should apply.

In such case the employment is not for an indefinite length of time, but within the meaning of the parties is for a definite time. In the case at bar the employment was for such time as the company—an Illinois corporation, engaged, doubtless temporarily, in operating its sawmills in Boyd county—should be engaged with its mills in that vicinity. This was not a mere general hiring, or a hiring for an indefinite time as were the cases of L. & N. Railroad Co. v. Offutt, 18 Ky. Law Rep., 304; [36 S. W., 181]; L. & N. R. R. Co. v. Harvey, 17 Ky. Law Rep., 1368; [34 S. W., 1069]; East Line Railway Co. v. Scott, 72 Texas, 70; 13 Am. St. R., 753 [10 S. W., 99]; and Texas Midland Railroad Co. v. Sullivan (Tex. Civ. App.), [48 S. W., 598]—cases relied on by appellant.

It is further insisted by appellant that the contract as allowed is within our statute of frauds. It is not contended that this is so merely because the contract is for an indefinite length of time. It is conceded that such a contract is not within the statute, because it may be terminated within a year. But the contention is that it was incumbent on the appellee to make his contract definite as to time when he offered to accept the employment, and, if he elected to fix a time longer than for a year's service, he could not enforce it, and, in any event, his damages must be limited to his alleged loss for one year only. We do not so understand the principles controlling the case. The time of the employment was not left uncertain and indefinite, but it was fixed and definite, and the contract was capable of being fully performed within a year. Dickey v. Dickinson, 20 Ky. Law Rep., 1559; [49 S. W., 761].

A demurrer to the amended answer, attempting to set up a written release executed by the plaintiff in consideration of the sum of $208, was properly sustained. The aver-

ments of this amendment did not meet the issues presented by the petition. If there was another and different contract of release than that set up by the plaintiff, it might possibly have been competent evidence as tending to disprove the contract set up in the petition. But this is doubtful, and, at any rate, no such written release was offered in evidence. And, if it had been admitted, it could not have affected the finding of the jury, the proof of the contract as alleged by the plaintiff being uncontradicted. The instructions presented the law of the case, and the judgment is affirmed.