CASE 66.—ACTION BY J. W. KELLY AGAINST THE PETER
& BURGHARD STONE CO.—November 19.

# Kelly v. Peter & Burghard Stone Co.

Appeal from Jefferson Circuit Court (Common
Pleas Branch, First Division).

EMMET FIELD, Judge.

Judgment for defendant. Plaintiff appeals.—Reversed.

Contracts—Consideration.—Plaintiff having a claim against defendant for injuries sustained, it was agreed that defendant should pay plaintiff $150 in money and furnish him regular employment when he had recovered from his injuries. Defendant paid the money, but refused to furnish the employment. Held, That the compromise furnished a sufficient consideration for the agreement to employ, and that plaintiff could recover damages for breach thereof.

POPHAM & WEBSTER for appellant.

The error of the trial court consists solely in overlooking the fact that there was a consideration on the part of the plaintiff which made the promise to give him employment a valid, binding contract. The petition states that defendant "contracted and agreed with the plaintiff that as soon as he was able to resume work, the defendant would allow plaintiff to continue in its employ, and furnish him steady work during the times he was able to work," which was then and there accepted by plaintiff as part of said settlement, release, adjustment and compromise."

We submit that from these allegations, it is evident that defendant promised plaintiff work as part of the consideration for plaintiff's compromising and releasing his claim for personal injuries against defendant.

Kelly v. Peter & Burghard Stone Co.

## AUTHORITIES.

L. & N. R. R. Co. v. Harvey, 99 Ky. 157; Yellow Poplar Lumber Co. v. Rule, 106 Ky. 455, 20 Ky. Law Rep. 2006, 50 S. W. 685; Bacon v. Ky. Cent. Ry. Co., 95 Ky. 373; Beach on Modern Law of Contracts, section 457; Smith v. St. Paul Co. (Minn.), 62 N. W. 392; Dickey v. Dickinson, 20 Ky. Law Rep. 1559.

ISAAC T. WOODSON for appellee.

### LEGAL PROPOSITIONS.

1. A party claiming damages for a breach of contract for employment must allege a mutual contract by which both parties were bound for a definite time; or else, if a purchase of an option to work is claimed, a consideration for such purchase must be alleged in order to state a cause of action on the contract. (L. & N. R. R. Co. v. Offutt, 99 Ky. 427; L. & N. R. R. Co. v. Harvey, 99 Ky. 157; East Line, etc., R. R. Co. v. Scott, 13 Am. St. Rep 762, and authorities cited therein; Grigsby v. Grigsby, 1 Ky. Law Rep. 62; Buford's Heirs v. McKee, 1 Dana 107.)
2. A demurrer to an answer brings the whole of the pleadings before the court, and the demurrer should be sustained to the petition if it is defective. Wile v. Sweeney, 1 Duv. 161; Young v. Duhme, 4 Met. 215.)
3. A contract for no definite time of service can not, at best, be construed as a contract for more than one day's service, and of such a breach of contract this court has no jurisdiction. (Davis v. Barr, 12 N. Y. State 111.)
4. No judgment should be reversed except for an error materially prejudicial to the party against who it is rendered.

OPINION OF THE COURT BY JUDGE BARKER—Reversing.

The appellant instituted this action against the appellee to recover damages for an alleged breach of contract of employment. The cause of action is contained in the following excerpt from the petition. "He states: That plaintiff was in the employ of defendant in and around said establishment during the month of September, 1904, and, while plaintiff was engaged

at said time and place in handling a huge stone, he was injured in his feet and upon his body, and thereafter made claim upon defendant for damages, claiming said injuries were received through its negligence; that shortly thereafter defendant, by and through its agents, effected a settlement of said claim with plaintiff on account of said injuries, by paying plaintiff the sum of $150 in cash, in addition to which defendant at the time of said settlement, in March, 1905, or thereabouts, contracted and agreed with this plaintiff that, as soon as he was able to resume work, the defendant would allow plaintiff to continue in its employ, and furnish him steady work during the times he was able to work." In addition to the foregoing, it is alleged: That the appellee afterwards refused to employ plaintiff or permit him to resume work pursuant to the agreement, although he was ready, able, and willing to work, and offered so to do; that, although he diligently sought other employment, plaintiff was unable to obtain it; and that by reason of the wrongful breach of the contract he had been damaged in the sum of $2,400, for which he prayed judgment. A general demurrer to this petition was filed by the defendant and overruled by the court. Afterwards the defendant answered, and, plaintiff having demurred to the second paragraph of the answer, the judge of the trial court changed his mind as to the merits of the petition, carried the demurrer back to the petition, and sustained it. Plaintiff declining to amend, the petition was dismissed. From this judgment he is here on appeal.

The trial court, in sustaining the demurrer to the petition, was of opinion that the contract set up by the plaintiff lacked mutuality, or, in other words, a consideration, and for that reason came within the prin-

ciple enunciated in L. & N. R. R. Co. v. Offutt, 99 Ky. 427, 18 Ky. Law Rep. 303, 36 S. W. 181, 59 Am. St. Rep. 467. In this we think the court erred. The contract alleged in the petition did not lack a consideration. On the contrary, it is expressly alleged that the plaintiff had been hurt in the emmployment of the defendant company, and had a claim against it for damages, which he was asserting, and that in settlement of this claim the defendant company paid plaintiff $150 in cash, and in addition thereto contracted and agreed with him that, as soon as he was able to resume work, it would allow him to continue in its employment and furnish him steady work during the time he was able to work. The case of L. & N. R. R. Co. v. Offutt has no application to that at bar. There the contract alleged was merely one for employment, and, as it was not alleged that Offutt agreed or bound himself to work for the company, the contract was unilateral, and therefore without mutuality or consideration. Offutt had been regularly in the employ of the company before, but had been discharged for violating the rules of his employer. Afterwards, when there was a strike of the employes of the railroad company, he was given special employment as a detective, or agent, and was sent to Bowling Green; his pay being $5 per day and his expenses during the time he was specially employed. When the strike was settled and the special employment was at an end, Offutt was paid in full for his services. It was not alleged in the petition that in consideration of Offutt's accepting the special employment he was thereafter to be restored to his former regular employment and kept in it so long as he did faithful and honest work for the company. The opinion recites merely that the appellee claimed that, at

the time he accepted the employment for the special services referred to, he asked that he might be restored to the position in the service of the company from which he had been discharged, and that it was then and there contracted with him that he should be restored to the position, and that he should keep it so so long as he did faithful and honest work for the company; but, while it appears that the two contracts were simultaneously made, the one was not a consideration for the other. In other words, they were two separate contracts, and the agreement for regular employment alleged stood upon its own merits and its own consideration, and it was therefore held that this contract, lacking mutuality, was invalid and non-enforceable. The contract there was not the same in principle as that with which we are now confronted. Here the plaintiff had a claim for damages against his employer for personal injuries, and, in order to compromise and settle this claim, the employer paid the servant $150 in money and agreed that when he recovered from his injuries he would be furnished regular employment as long as he was able to do the work. The compromise of the tort was the consideration for the contract sued on. We know of no reason why such a contract is not enforceable. Indeed, it was expressly held in L. & N. R. R. Co. v. Offutt that such contracts were valid and binding. On this subject, it is said in the opinion: ''We can conceive of no reason for holding that a contract of employment or of service, either for a fixed term or for an indefinite time, would not be legal or would be against public policy. In actual experience such contracts are constantly made, and on both principle and authority such contracts must be held not to be within the

statute of frauds, and therefore may be made by parol." ·

The case of Yellow Poplar Lumber Co. v. Rule, 106 Ky. 455, 20 Ky. Law Rep. 2006, 50 S. W. 685, is in all respects similar to that at bar. In that case Rule was employed in the sawmill of the appellant company, and upon having his thumb cut off, as he claimed, by the negligence of the company's agents, demanded damages for the injury. This claim was compromised by the company, as it was alleged, by an agreement that, if the employe would forego his suit for damages and surrender all claim therefor, it would give him employment at the rate of $2.50 per day so long as it was engaged in the sawmill business on the Ohio river. This proposition he accepted, but afterwards, when he was able to work, and when the mills of the company resumed operation, he was refused employment. In an action for a breach of the contract for employment, the employe obtained a verdict for $1,400, and upon appeal it was insisted by the company that the contract alleged lacked mutuality. In other words, it was said there, as here, that the company was bound to hire, but the employe was not bound to serve; he could work or not, as he chose, whereas, the company had obligated itself to give him employment at $2.50 per day as long as its mills were operated on the Ohio river. In response to the contention that the contract alleged lacked mutuality, it was said: "In our opinion, whilst these are the characteristics of the contract, it does not follow that the employe is without remedy. Except for the fact that courts do not, as a rule, so enforce these contracts of hiring, by reason of their personal nature, the agreement as alleged might be the basis of an action for specific performance, and, such an action not being

maintainable by reason of the rule adverted to, we perceive no reason why the appellee might not purchase for a valuable consideration the right to obtain employment or option to work at appellant's mills so long as they engaged in running them at the place designated. Such a contract does not differ in substance from those known as optional contracts in the purchase of property, and which have often been upheld by this court where there is a consideration for them, even when there is only an agreement to sell, and no corresponding agreement to buy.'' It was further held that the contract was not invalid because for an indefinite length of time; nor was it within the statute of frauds.

It seems to us that the opinion in the case last above cited is conclusive of the question we have here. We see no reason why a company should be allowed to settle a proposed action against it for damages by promising to give permanent employment to its injured employe, and, when the time within which the employe could prosecute his claim for damages had expired, to refuse to carry out the contract. This would be exceedingly unjust and inequitable to the employe, and would tend to uphold the fraud and chicanery of dishonest employers. It seems to us much more rational to encourage the settlement of such claims as appellant alleges he originally had against appellee, by upholding the compromises by which they are effected, than to force the injured employe either to litigate his claim for personal injuries or afterwards be at the mercy of his employer.

,Judgment reversed, with directions to overrule the

demurrer to the petition and for further procedure consistent herewith.

Petition by appellee for rehearing overruled.