## Shaw v. Hudson Engineering Company.

(Decided September 30, 1913).

### Appeal from Kenton Circuit Court
### (Common Law and Equity Division).

1. Contracts—Pleading—Construction.—In an action upon a contract to perform services, a demurrer to a paragraph of the petition on the ground that it failed to state that the defendant contracted to assume certain liabilities, was improperly sustained by the court, it being alleged in the petition that the contract assuming the liabilities is in the possession of the defendant. Such a statement should be treated as equivalent to an express statement that there was such a contract, and that it contained the obligation mentioned.

2. Contracts—Construction of—Pleading.—It was also error to sustain the demurrer to that part of the contract with reference to the employment of plaintiff, on the idea that the writing filed with the petition was the only contract pleaded, or sued on. The contract sued on is the verbal one pleaded which provides for plaintiff's employment, and while it would have been less confusing had it stated the verbal contract in stronger terms, to give it a liberal construction it should be sufficient.

CHAS. A. J. WALKER for appellant.

MYERS & HOWARD for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Reversing.

The petition herein alleges in substance that sometime before the first of May, 1898, the appellant, who was the plaintiff in the court below, had made some inventions relating to the raising of water and other liquids; and that the Bacon Air Lift Company, a corporation, being engaged in a business in which it could use such inventions, procured from appellant, an agreement in writing, which reads as follows:

"THIS AGREEMENT made this first day of March, 1898, by and between Clifford Shaw, of the City and State of New York, party of the first part, and the Bacon Air Lift Company, a corporation, organized under the laws of the State of New Jersey, party of the second part, Witnesseth: Whereas, said Shaw has agreed with one A. A. Hosmer, of Washington, D. C., to sell, assign and transfer to said Hosmer, or to any person or corporation designated by the said Hosmer in writing, the whole right, title and interest in and to any and all inventions

in or relating to the raising of water or other liquids that may be made by said Shaw; and whereas: said Hosmer. has designated said Bacon Air Lift Co. as the corporation to which said Shaw shall sell, assign and transfer all and any said inventions, and whereas: Said Bacon Air Lift Company is about to employ the service of said Shaw and to pay him therefor a certain sum per month, which has been mutually agreed upon: Now, therefore, in consideration of the premises and of one dollar in hand paid by party of the second part to the party of the first part, the receipt whereof is hereby acknowledged, and further in consideration of the monthly salary to be paid said Shaw by said company as aforesaid, it is agreed as follows:

"Said Shaw shall sell, assign and transfer to said Bacon Air Lift Company, the whole right, title and interest in and to any and all inventions in or relating to the raising of water or other liquids that may have been heretofore or may be hereafter made by said Shaw. Said Shaw agrees to execute any and all instruments that may be necessary or that may be requested by said Bacon Air Lift Company, its successors or assigns, to carry out this agreement; it being understood and agreed that said Bacon Air Lift Company shall bear the cost of taking out said inventions.

"In witness whereof, the parties hereto have hereunto set their hands and seals the day and year above written. Signed, sealed and delivered in the presence of Stephen W. Young.

"CLIFFORD SHAW,<br>
"BACON AIR LIFT COMPANY,<br>
"By EDWARD A. HOSMER."

It appears from the petition that after this agreement was entered into—just when, is not stated—said Bacon Air Lift Company sold its business including said inventions to the Hudson Engineering & Contracting Company, a corporation, which afterwards likewise sold its business together with said inventions, to appellee, Hudson Engineering Company, a corporation, and that appellee is still using said inventions; that after the execution of the written contract above set out, said Bacon Air Lift Company employed appellant, in some capacity, not stated, and at a salary of $200 per month and such expenses as he might incur in its employment; that said Hudson Engineering & Contracting Company, after its said purchase of the business of the Bacon Air Lift Com-

pany also employed appellant at the same salary and in the same capacity; and that the appellee, after it purchased the business of the Hudson Engineering & Contracting Company, continued appellant in its employment under the same conditions, until about the first day of June, 1910, at which time appellee notified appellant that it would not need his services any longer, and that his contract with them would terminate on June 1, 1910.

Upon receiving such notice, appellant immediately notified appellee that he was ready and willing to continue to perform the services for it, which he had been performing, but appellee, over appellant's protest, discharged appellant from its employ, and appellant brought this action to recover certain sums for services actually rendered under said contract before he was discharged, and for $200 per month from the date of his discharge up to the date of the filing of this action.

Appellee in the lower court confessed judgment for the amount claimed by appellant for services actually rendered, so that part of appellant's claim is not before us.

Paragraphs 6 and 7 of the petition were demurred to by appellee, and the court sustained the demurrer to each and upon the failure and refusal of plaintiff below to plead further, the court dismissed said petition as to the cause of action set out in said paragraphs. This appeal seeks to test the correctness of the court's ruling in that respect. The court below sustained said demurrer, as appears from the brief of appellee: First, because it is not stated that there was any contract entered into between the Bacon Air Lift Company and the Hudson Engineering & Contracting Company whereby the latter contracted to assume the liabilities of the Bacon Air Lift Company, nor any allegation in the petition that the appellee, Hudson Engineering Company, contracted to assume the liabilities of the Hudson Engineering & Contracting Company; holding that the statements of the petition in reference to the contracts of the corporations with each other, were mere conclusions and not statements of fact. Second, because the written contract above referred to, and filed with the petition, was the contract sued on by appellant, and under that contract there was no liability on the part of the Bacon Air Lift Company or its successors, except to pay appellant the sum agreed upon for his services as long as the relation of employer and employe existed, and that said contract

did not obligate said company to employ appellant for any period of time or to pay him anything except for such time as he might be employed.

The petition alleges that "on or about the ——— day of ——— the Hudson Engineering Company, a corporation, purchased all the assets and assumed all the liabilities of the Hudson Engineering & Contract Company, and that the contract whereby the said company purchased all the assets and assumed all the liabilities of the said Hudson Engineering & Contracting Company, is in the possession of the defendant and not accessible to the plaintiff." It further states that "on the ——— day of ——— the said Hudson Engineering & Contracting Company purchased all the assets and assumed all the liabilities of the Bacon Air Lift Company, a corporation, and that the contract and agreement whereby the said company purchased all the assets and assumed all the liabilities of the said Bacon Air Lift Company is in the possession of the defendant and not accessible to this plaintiff."

The petition then says:

"Plaintiff further states that on or about the first day of March, 1908, plaintiff entered into a contract with the Bacon Air Lift Company, whereby in consideration of the sale, assignment and transfer to the said Bacon Air Lift Company by the plaintiff herein, of all the plaintiff's right, title and interest in and to certain patents and inventions relating to the raising of water, a copy of which contract is attached to this amended and supplemental petition, and marked Exhibit 1, said Bacon Air Lift Company should employ plaintiff. That in accordance with said contract and to carry the same into effect the plaintiff did thereafter sell, assign and transfer to the said Bacon Air Lift Company the whole right, title and interest in and to any and all inventions in or relating to the raising of water or other liquids, and the said Bacon Air Lift Company did then employ this plaintiff and agree to pay plaintiff the sum of two hundred dollars per month and such expenses as he should have from time to time, and agreed that said employment should continue as long as the said company used said patents and inventions in carrying on its business."

We will consider first the action of the lower court in sustaining the demurrer upon the ground that it fails to state that in the purchase by the Hudson Engineering

Company of the business of the Hudson Engineering & Contracting Company, the former contracted to assume the liabilities of the latter company; and in like manner failed to state that the Hudson Engineering Company contracted to assume the liabilities of the Bacon Air Lift Company. It is true that in the first clause of said allegation, the fact that there was a contract, etc., is omitted, and it might have been better stated; but the latter part of the clause states that the contract and agreement whereby the Hudson Engineering Company purchased the assets and assumed the liabilities of the Hudson Engineering & Contracting Company and also the contract whereby the Hudson Engineering & Contracting Company assumed the liabilities of the Bacon Air Lift Company were each in the possession of the defendant; and we are of the opinion that this statement should be treated as equivalent to an express statement that there was such a contract in each case, and that such contract contained the obligation mentioned.

It would be highly technical to construe it otherwise; and we hold that this allegation sufficiently states that there was a contract entered into between the Bacon Air Lift Company and the Hudson Engineering & Contracting Company, and between the Hudson Engineering & Contracting Company and the Hudson Engineering Company, whereby each purchaser contracted to assume the liabilities of its predecessor.

As to the second ground upon which the lower court acted in sustaining the demurrer. If the writing filed with the petition was the only contract set up, or the contract sued on, the demurrer would properly have been sustained; but we are of the opinion that the contract sued on is the verbal contract set out in the petition in this language:

"That in accordance with said contract and to carry the same into effect the plaintiff did thereafter sell, assign and transfer to the said Bacon Air Lift Company the whole right, title and interest in and to any and all inventions in or relating to the raising of water or other liquids, and the said Bacon Air Lift Company did then employ this plaintiff and agreed to pay plaintiff the sum of two hundred dollars per month, and such expenses as he should have from time to time, and agreed that said employment should continue as long as the said company used said patents and inventions in its business."

The contract of employment sued on was verbal and subsequent to the written contract referred to, and this contract according to the allegations of the petition was to continue as long as appellee used appellant's inventions in carrying on its business. The written contract is not the contract of employment; it merely says, in one clause, that the Bacon Air Lift Company is about to employ appellant; and in the next, that part of the consideration for the transfer of said inventions is the monthly salary to be paid said Shaw by the said company. The petition in setting up the verbal contract sued on would have been less confusing, had it stated such verbal contract in stronger terms and more apt language, but to give it a fairly liberal construction—and we think it is entitled to such—it should be construed as sufficient.

We, therefore, hold that the allegation in reference to the subsequent contract is sufficient, and verbal contracts of similar character have repeatedly been held enforcible by this court. Yellow Poplar Lumber Company v. Rule, 106 Ky., 455; Kelly v. Peter & Burghard Stone Co., 130 Ky., 530.

So much of the judgment appealed from, therefore, as sustains the demurrer to paragraphs six and seven of the pleading mentioned and dismisses the causes of action therein set out, is reversed, and this cause is remanded for proceedings consistent with this opinion.