## Todd v. Finley.

(Decided November 4, 1915.)

### Appeal from Hopkins Circuit Court.

1. Covenants—Breach of Warranty.—Where there has been no eviction but the grantee is in the undisturbed possession of the property under an executed contract, relief against the payment of the purchase money will not be decreed upon a mere showing of a defect in the title, coupled with the insolvency of the grantor. Relief will be granted only in the event that there is a palpable and threatening danger of immediate eviction or ultimate loss without legal remedy, and the grantee uses due diligence to bring before the court the adverse claimants from whom the danger is apprehended.

2. Contracts—Statute of Frauds—Pleading.—In pleading a contract within the Statute of Frauds, the pleader must allege that it is in writing; otherwise it is presumed to be oral.

3. Contracts—Statute of Frauds—Agreement to Reconvey Real Estate.—A parol agreement to reconvey real estate is within the Statute of Frauds and not enforcible.

4. Contracts—Statute of Frauds—Tender of Deed—Effect.—Where neither party is bound by an oral agreement to reconvey real

estate the subsequent tender of a deed by the party to be charged is not sufficient to take the case out of the statute.

GORDON AND HOPEWELL for appellant.

C. J. WADDILL for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER.—Affirming.

On December 16th, 1903, Thomas E. Finley and wife, in consideration of $400 cash, sold and conveyed to Ella Todd, by deed of general warranty, a lot in Madisonville. On October 19th, 1905, Finley erected for grantee a house on the lot in question and took from her a note and mortgage on the premises to secure the contract price of $600. The grantee made certain payments on the note, which left due thereon $420. with interest from January 5th, 1909.

On September 6th, 1912, Finley brought this suit against Ella Todd to enforce the mortgage lien. Defendant presented two defenses: One based on a breach of warranty of title and insolvency of plaintiff, and the other based on an agreement by her to reconvey the property to plaintiff upon payment by him of the purchase price and the amount she had paid on the mortgage. These defenses were held insufficient and the answer and counter-claim stricken from the record, and judgment rendered enforcing plaintiff's lien. Defendant appeals.

It is the well settled rule in this State that where there has been no eviction but the grantee is in the undisturbed possession of the property under an executed contract, relief against the payment of the purchase money will not be decreed upon a mere showing of a defect in the title, coupled with the insolvency of the grantor. In such a case relief will not be granted unless there is palpable and threatening danger of immediate eviction or ultimate loss without legal remedy, and the grantee uses due diligence to bring before the court the adverse claimants from whom the danger is apprehended. Vance v. House, 5 B. M. 540; Simpson v. Hawkins, 1 Dana, 309; Taylor v. Lyon, 2 Dana, 276; Payne v. Cabel, 7 Monroe, 202; Denny v. Wickliffe, 1 Met., 226. While plaintiff alleges that defendant was without a title and specifies wherein his title is defective, and by amended answer alleges his insolvency, she did not attempt to bring the adverse claimants

before the court, nor did she allege facts tending to show, a palpable and threatening danger, of immediate or ultimate loss, without legal remedy. That being true, her answer is insufficient.

As a second defense to the action, defendant pleaded a compromise agreement by which she, in consideration of the payment to her of the purchase price and the amount she had paid on the mortgage, agreed to reconvey the property to plaintiff. In pleading a contract within the Statute of Frauds the pleader must allege that it is in writing; otherwise it is presumed to be oral. Byassee v. Reese, 4 Met., 371; Hocker v. Gentry, 3 Met., 463; Smith v. F. A. H., 15 B. M., 443; Smith v. Throbalt, 85 Ky., 141. Clearly a contract to convey or reconvey real estate is within the statute, and unless in writing cannot be enforced. As neither plaintiff nor defendant was bound by the oral contract, the subsequent tender of a deed by the defendant was not sufficient to take the case out of the statute. Newberg v. Adams, 92 Ky., 26; Asher v. Brock, 95 Ky., 270; Myers v. Brown, 110 S. W., 402.

Judgment affirmed.