## Dysart v. Dawkins Log and Mill Company.

(Decided December 16, 1927.)

### Appeal from Breathitt Circuit Court.

1. Master and Servant.—Where term of service under employment contract was left discretionary with employee, employer held to have right to terminate it at any time, and no cause therefor need be alleged or proved, since contract for service for unfixed period is for indefinite service, which either party may recede from at any time he sees proper.
2. Frauds, Statute of.—Contracts which are not alleged to be in writing will be presumed to be verbal.
3. Frauds, Statute of.—Nonenforceability of verbal contract that law requires to be in writing may be presented by demurrer to pleading containing it if it appears therein that contract was verbal.
4. Frauds, Statute of.—Verbal contract for personal services for period of ten years is in direct conflict with statute of frauds, Ky. Stats., sec. 470, subd. 7, since it is not to be performed until more than one year after its making.
5. Trial.—Where there is no pleading entitling plaintiff to recover, court may properly sustain motion for peremptory instruction for defendant, independently of what evidence discloses.

SOUTH STRONG and E. C. HYDEN for appellant.

GRANNIS BACH for appellee.

Opinion of the Court by Judge Thomas—Affirming

The parties to this action, both here and in the court below, are and were the appellant and plaintiff below, J. L. Dysart, and the appellee and defendant below, Dawkins Log & Mill Company. Plaintiff filed the action in the Breathitt circuit court against defendant, seeking to recover damages for the wrongful discharge of plaintiff in violation of an alleged contract for employment. Defendant's demurrer to the petition was sustained, and plaintiff amended it by alleging no new or additional facts concerning the nature of the contract of employment, but did aver therein that the employment was to endure for ten years. Defendant did not demur to the amended petition or to the petition as amended, but answered with a denial of all of plaintiff's material averments, and at the close of the testimony the court sustained defendant's motion for a peremptory instruction in its favor, which was followed by a verdict for it, and from the judgment dismissing the petition plaintiff prosecutes this appeal.

The petition alleged that plaintiff was "an experienced railroad construction and track man," and that on or about "the —— of August, 1924, and on or about the 1st day of October, 1924," he entered into a contract with the defendant by which it "promised and agreed to pay plaintiff $4 per day to repair defendant's railroad track on Springfork, in Breathitt county, Ky." He alleged that he worked under that contract "until about March 1, 1925, when defendant entered into another one with him to build and lay a new railroad track over the mountain at the head of Big Loverly on Springfork," and defendant promised and agreed to pay him for said services at the rate of $4.50 per day; that he labored thereunder until May 20, 1925, when defendant wrongfully and without right or legal excuse suspended him. Later in the petition he averred that his work was acceptable to defendant and that before the contract of employment was made and afterwards "defendant promised said plaintiff steady and regular employment at said construction work, and under said contract, until the said railroad bed and track were constructed across said mountain." But it was nowhere alleged in his petition that plaintiff's services were to cease when the new road across the mountain was complete, since that

work was only a part of the services to be rendered by plaintiff under his general and indefinite contract to serve defendant as a section or construction man on its road. Neither did it appear anywhere in the petition (other than from the mere fact that defendant entered upon the services) that he ever obligated himself to serve defendant for any length of time, and he testified that under the terms of his employment he could quit at any time. The case therefore comes squarely within the doctrine approved by us in the case of Louisville & N. R. Co. v. Offutt, 99 Ky. 427, 36 S. W. 181, 18 Ky. Law Rep. 303, 59 Am. St. Rep. 467. That doctrine, as approved by that opinion, is, that when the term of service is left discretionary with one of the parties, either of them "has the right to terminate it at any time, and no cause therefor need be alleged or proven." In other words, there must be a mutual agreement by both to do and perform the same thing, and, unless that be true, the one who did not so agree and obligate himself cannot recover for a violation by the other, although the latter did obligate himself in what would otherwise be an enforceable contract of employment, and which principle is bottomed upon the fact of a want of mutuality in the contract, since an enforceable proposal to employ one is not obligatory on the one who makes it unless the alleged acceptor undertakes and obligates himself to perform it as made; and when not so done the proposer may withdraw and suspend the work of the other commenced under it because the latter did not obligate himself to perform the terms as proposed, thus rendering the employment one from day to day. It is also well settled that a contract for service for an unfixed period, or a period clearly ascertainable from the terms of the contract of employment, is for an indefinite service, which either party may recede from at any time he sees proper.

The stated rule relating to indefinite employment as above referred to was sustained by us in the cases of Courier Journal v. Millen, 50 S. W. 46, 20 Ky. Law Rep. 1811; Miller v. N. W. Ritter Lumber Co., 110 S. W. 869, 33 Ky. Law Rep. 698 (not elsewhere reported) ; and Hudson v. C., N. O. & T. P. R. Co., 152 Ky. 711, 154 S. W. 47, 45 L. R. A. (N. S.) 184, Ann. Cas. 1915B, 98. A qualification of that rule is found in the cases of Yellow Poplar Lumber Co. v. Rule, 106 Ky. 455, 50 S. W. 685, 20 Ky. Law Rep. 2006, and Kelly v. Peter & Burghard Stone Co.,

130 Ky. 530, 113 S. W. 486. In those cases the servants of defendants, who were plaintiffs, while engaged in their employment sustained injuries and in settlement of their claims for damages on account thereof the master agreed to give them permanent employment. There was, therefore, a contract based upon a valuable consideration to serve defendant at any and all times that plaintiff saw proper to do so, and defendants thereunder were compelled to accept such service although it might continue for an indefinite period, and which presents an entirely different facts from those appearing in the Offutt opinion and in this case the court therefore properly sustained the demurrer to the petition. But, as we have seen, none was filed to it, or to the petition as amended by it.

The amendment cured none of the defects in the original petition, but added an additional ground for sustaining the demurrer had one been filed; for as we have stated, it expressly averred "that defendant would employ him and furnish him steady employment for a period of ten years." The rule in this jurisdiction is that contracts not alleged to be in writing will be presumed to be verbal. Smith v. Theobald, 86 Ky. 141, 5 S. W. 394; Todd v. Finley, 166 Ky. 546, 179 S. W. 455, and Lowther v. Scheirich, 195 Ky. 178, 241 S. W. 834. It is equally well settled in this jurisdiction that the nonenforceability of a verbal contract that the law requires to be in writing may be presented by a demurrer to the pleading containing it, if it appears therein that the contract was verbal. Boone v. Coe, 153 Ky. 233, 154 S. W. 900, 51 L. R. A. (N. S.) 907; Cornette v. Clere, 193 Ky. 590, 236 S W. 1036, 22 A. L. R. 720, and other domestic cases referred to in those opinions. The amended petition on its face showed that the contract was not to be performed until more than one year after the making thereof, and it was therefore in direct conflict with subdivision 7 of section 470 of our Statutes, commonly known as the statute of frauds.

There being no pleading entitling plaintiff to recover, the court properly sustained the motion for a peremptory instruction independently of what the evidence disclosed. But if it were necessary for us to examine the evidence and to determine from it the propriety of the court's ruling in giving the peremptory instruction, we

would be compelled to arrive at the same conclusion, but since it is clearly sustainable on the first ground discussed we will not go into the latter phase of the case.

Wherefore, the judgment is affirmed.